Robling *et al. v.* The Board of Commissioners of Pike County *et al.*

No. 17,358.

ROBLING ET AL. *v.* THE BOARD OF COMMISSIONERS OF
PIKE COUNTY ET AL.

COUNTY COMMISSIONERS.—*Notice of Letting Contract for Jail.—Suffi-
ciency.*—Notice by county commissioners for the letting of a contract
for a county jail, in the manner required by statute, is sufficient
which states the place where the building is to be erected, the terms
of construction, the manner of payment, the bond required, the
time, place, and terms of letting the contract, and which also refers
to the plans and specifications on file in the auditor's office.

SAME.—*Filing Insufficient Bond with Bid.—Accepting Bid.—Afterwards
Filing Sufficient Bond.—Validity.*- Where the bond filed with the
bid was not in compliance with the notice, as to amount, but yet the
bid is accepted, and the bidder afterwards executes a bond in the
amount required in the notice and order of the board, conditioned
as required by statute, the bond is valid and enforceable.

SAME.—*County Jail.—Propriety of Building.—Discretion.—Fraud.*—The
power of determining the propriety of building a new jail has been
entrusted by the Legislature to the board of county commissioners,
and their determination of that question is final unless such decis-
ion was brought about by fraud or corruption, or is so manifestly
wrong and prejudicial to the public interest as to create a convic-
tion that it was the result of fraud and a plain disregard of official
duty.

SAME.—*County Jail.—Law Applicable.*—The law concerning the build-
ing of court houses applies with equal force to the building of jails.

From the Pike Circuit Court.

*L. C. Embree,* for appellants.

*E. A. Ely* and *S. G. Davenport,* for appellees.

MONKS, J.—Appellants, taxpayers of Pike county,
brought this action to vacate a contract entered into by
the commissioners of that county with the appellee Lori
for the erection of a county jail and sheriff's residence
at Petersburgh, and to enjoin the appellees from erecting
said jail and residence.

Appellees filed a demurrer to the complaint for want of

facts, which was sustained and an exception reserved, and appellants refusing to plead further, appellees had judgment.

The only error urged is sustaining the demurrer to the complaint. It is insisted by appellants' counsel that the notice of the letting of the contract which is set forth in the complaint is not sufficient. The sections of the statute concerning the notice, and upon which appellants rely to sustain their contention, are as follows:

Section 4244, R. S. 1881 (section 5590, R. S. 1894): "When it shall become necessary for any board of county commissioners of any county in this State to contract for any court house, jail, or other county or township building or monument, and plans and specifications have been adopted and deposited in the office of the auditor of such county, and open to public inspection, the said board shall not contract for or let the building of the same until it has advertised such letting and requested bids for the same for at least six weeks,in at least one newspaper of general circulation in such county, if any is printed therein, and by posting up notices of such building, with the time, plan, place, and terms of the same, with a reference to such plans and specifications."

Section 4245, R. S. 1881 (section 5591, R. S. 1894): "Whenever any board of commissioners of any county in this State shall have advertised the letting of any court house, jail, or other county or township building or monument, and the day fixed for such letting, such board shall let the same to the lowest responsible bidder on the terms in the notice mentioned and on the plans and specifications so deposited, as in this act provided; and the said board shall require of such bidder a bond with two good freehold sureties, in a penalty of at least one-fourth the cost of such work, conditioned for the faithful performance of such work according to the plans

and specifications so deposited, and the time, terms, and conditions mentioned in said advertisement of letting. Said bond shall be the only requirement said commissioners may demand of such lowest responsible bidder as a qualification for said work."

In 1877, after the enactment of the foregoing sections, section 4246, R. S. 1881 (section 5592, R. S. 1894), was enacted.    Said last named section provides that "no bid for the building or repairing any court house, jail, poor asylum, bridge, fence, or other county building or work shall be received or entertained by the board of commissioners of any county in this State, unless such bid shall be accompanied by a good and sufficient bond, payable to the State of Indiana, signed by at least two resident freehold sureties; which bond shall guarantee the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor so receiving said contract shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished, and for boarding the laborers thereon."

The notice to which objection is made states the time within which the building is required to be erected by the contractors, the place at which the building is to be erected (that is such place in Petersburg as may be designated by the commissioners), and the terms upon which the successful bidder shall construct the building, how and when he shall be paid therefor, and that he shall give the bond required by said sections, in the sum of $25,000, setting forth its conditions.    The notice also refers to the plans and specifications on file in the auditor's office, and the time, place and terms of the letting. We think the notice is a substantial compliance with the requirements of these sections, and that the objections urged to the notice are not tenable.

Section 4244 (5590), *supra*, provides that the board of commissioners shall let the same to the lowest responsible bidder on the terms in the notice mentioned and on the plans and specifications so deposited, and that the bond shall be conditioned for the faithful performance of such work according to the plans and specifications so deposited and the time, terms and conditions mentioned in said advertisement. Construing section 4244 (5590) in connection with this section, it was not necessary to set forth in such advertisement the plan of the building.

It is claimed that the contractor, Lori, did not comply with the law in regard to filing a bond with his bid. The complaint sets forth that Lori's bid was $25,500, and was accompanied by a bond signed by Lori and more than two good and sufficient resident freehold sureties, in the sum of ten thousand dollars, conditioned for the faithful performance of said work according to the plans and specifications; that the board of commissioners accepted said bid and let the contract to said Lori; that afterwards, on the same day, Lori executed a bond payable to the State of Indiana in the sum of $25,000, conditioned as required by said order, notice, and the act of 1877, section 4246 (5592), *supra*.

The board of commissioners had the right to reject the bid of Lori for a failure to file therewith the bond in the amount required in the notice, but said bond, having been afterwards given in conformity with said notice and order of the board, conditioned as required by the statute, was valid and could be enforced. Appellants can not, therefore, successfully assail the contract on this ground. The bond filed with the bid, while it contained no condition that Lori should pay all the debts incurred by him in the prosecution of the work as required by section 4246 (5592), *supra*, yet, it being subject to the

provisions of section 1221, R. S. 1881, section 1235, R. S. 1894, would secure such claims the same as if it contained all the terms required. *Faurote* v. *State, ex rel.,* 110 Ind. 463.

One bond, with proper conditions, is all that is required by the three sections of the statute just set out.

It appears from the complaint that the plans and specifications for the jail were, before their adoption, submitted to the board of State charities, as required by law, for suggestion and criticism; said board suggested certain changes and approved such plans and specifications with such changes; that the plans and specifications were changed to conform to said suggestions and then adopted. This was a compliance with section 3194, R. S. 1894, section 2, Acts 1889, page 51. This section requires that the plans for new jails be submitted to the board of State charities for suggestions and criticism before and not after the adoption of the same by the county authorities. This was done and the changes suggested were made.

Section 5748, R. S. 1881 (section 7833, R. S. 1894), makes it the duty of the board of commissioners in each county to "cause a court house, jail, and public offices for clerk, recorder, treasurer and auditor to be erected and furnished where the same has not been done, and to keep all public buildings of the county in repair." The power of determining the propriety of building a new jail has been entrusted by the Legislature to the board of county commissioners; and when they determine that question it is final, unless it is shown that their decision was brought about by fraud or corruption, or is so manifestly wrong and prejudicial to the public interest as to create a conviction that it was the result of fraud and a plain disregard of official duty. *Kitchel* v. *Board, etc.,*

123 Ind. 540, and cases cited; *Crow* v. *Board, etc.,* 118 Ind. 51, and cases cited.

The law declared by this court, in the cases concerning the building of court houses, applies with equal force to the building of jails. *Kitchel* v. *Board, etc., supra; Crow* v. *Board, etc., supra; Board, etc.,* v. *Bunting,* 111 Ind. 143.

Sections 6116, 6117, R. S. 1881 (sections 8192, 8193, R. S. 1894), concerning the duty of the board of county commissioners to make repairs in accordance with the complaint or recommendation of the grand jury, do not limit the discretion of said board in regard to the propriety of building a new jail. It is averred in the complaint that a new jail was not needed; that the old one could be repaired for $2,000, or a new one built, in all respects ample for the needs of the county, at a cost not exceeding $8,000; that the county is heavily in debt.

There is no charge of corruption, fraud, or bad faith; the averments in the complaint, aside from the irregularities charged in regard to the letting of the contract, show a mere difference of opinion between appellants and the board of commissioners. There is nothing in the record to remove the presumption that the board was acting in good faith and according to law.

There is no error in the record.

Judgment affirmed.

Filed June 11, 1895.