RODEBAUGH ET AL. v. RODEBAUGH.

[No. 11,410. Filed March 6, 1923.]

1. PLEADING.— Complaint.— Construction.— Inferences.— In determining the sufficiency of the complaint, the court will not only consider the facts directly alleged, but also such facts as may be implied by fair and reasonable intendment, and the facts so impliedly averred will be given the same force as if directly stated. p. 327.

2. PARTIES.—Defect.—Waiver.—Failure to Demur.—Statutes.— Under §344 Burns 1914, Acts 1911 p. 415, any objection to the

sufficiency of the complaint on the ground of defect of parties will be deemed waived where not presented by demurrer. p. 327.

3. PLEADING.— *Complaint.— Allegations of Fraud.— Sufficiency. —Pleading Conclusions.—Statutes.—*Under §343a Burns' Supp. 1921, Acts 1915 p. 123, providing that a conclusion of fact stated in a pleading shall be held to be the allegation of all the facts necessary to sustain such conclusion, when it is necessary to the sufficiency of the pleading, unless a motion is made to require a statement of the facts required to sustain the conclusion, in an action by heirs of a decedent to set aside an allowance of a claim of the administrator against decedent's estate, conclusions in the complaint that the claim was fraudulent and that the court was deceived as to its validity by the fraud of the administrator in procuring its allowance, are sufficient to admit proof of fraud, in the absence of a motion to require a statement of the facts necessary to sustain such conclusions. p. 328.

4. EXECUTORS AND ADMINISTRATORS.— *Allowance of Claim against Decedent's Estate.—Action to Set Aside.—Complaint.— Sufficiency.—*In an action by heirs of decedent to set aside for fraud an allowance of a claim of decedent's son, the administrator of the estate, for supporting decedent, an allegation in the complaint that the claim was not based on any contract, nor on any right whatever, was a sufficient allegation of a meritorious defense, since the administrator, before he could establish his claim, must show that he had a contract with decedent, either express or implied, to furnish the care and support on which his claim was based. p. 328.

5. EXECUTORS AND ADMINISTRATORS.— *Allowance of Claim against Decedent's Estate.—Action to Set Aside.—Laches.—*In an action by heirs to set aside the allowance of a claim against decedent's estate, a complaint alleging that plaintiffs, immediately on receiving information that the claim had been allowed, sought the advice of counsel, and filed the complaint to have the allowance set aside, does not show laches. p. 329.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Ira Rodebaugh and another against William E. Rodebaugh. From a judgment for defendant, the plaintiffs appeal. *Reversed.*

*W. W. Sharpless* and *Henry C. Springer,* for appellants.

*Breen & Morris,* for appellee.

BATMAN, J.—In 1920, Mary F. Rodebaugh departed this life intestate in Allen county, Indiana, leaving surviving her, as her sole heirs at law, the parties hereto, together with Ross Rodebaugh, and two others, all of whom were her children. Appellee was duly appointed administrator of her estate by the Allen Circuit Court, qualified as such, and entered upon the discharge of the duties of his trust. Afterwards, on October 19, 1920, appellee filed a claim against the estate of said decedent, in the office of the clerk of said court, for the sum of $1,068 for support and care of said decedent from November 1, 1917, to July 26, 1920. Said claim was afterwards transferred to the issue docket of said court for trial, and an attorney thereof was duly appointed to defend the estate of said decedent against said claim. After issues were joined, a trial was had on December 11, 1920, resulting in an allowance in favor of appellee for the full amount of his claim. On November 8, 1921, appellants instituted this action to set aside the allowance thereof. The complaint is in a single paragraph, and, after setting out the foregoing facts, continues with the following allegations, in substance: That appellants are nonresidents of said Allen county, and said Ross Rodebaugh is a nonresident of this state; that the other heirs of said decedent, except appellee, are minors; that appellants had no knowledge that said claim had been filed, set for trial, or allowed against the estate of said decedent until November 1, 1921; that said claim is fraudulent, and the court was deceived as to its validity, by the fraud of appellee in securing its allowance; that appellants have a good and meritorious defense to said claim in this: that it is not based upon any contract or right whatever; and that immediately after they had learned of the allowance of said claim, they sought advise of counsel, and filed this, their complaint, to have the same set aside. The complaint contains a number

of allegations, which we have deemed unnecessary to set out in detail, relating to the efforts of appellants to be informed of the filing of such a claim; the agreement among the heirs of said decedent, after the death of her husband, as to where she should live; the amount of income of said decedent, and where she lived during the time covered by said claim; the character of the evidence by which it was proved; the lack of information on the part of the attorney, appointed by the court to defend against the same, of the existence of a defense thereto; and the pendency of said estate in another court, from which prior letters of administration thereon had been granted. Appellee filed a demurrer to the complaint for want of sufficient facts to state a cause of action, which was sustained, and this ruling of the court constitutes the only error assigned on appeal.

It is well settled that, in determining the sufficiency of a complaint, the court will not only consider the facts directly alleged, but in addition thereto such facts

1. as may be implied by fair and reasonable intendment, and such facts so impliedly averred will be given the same force as if directly stated. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409. In the light of this rule, the complaint appears to state a cause of action, and therefore, we will direct our attention to the objections, which appellee has urged against the same.

It is contended, in effect, that there is a defect of parties in this, that the administrator of the estate of said decedent should have been made a party de-

2. fendant. It suffices to say in answer to this contention, that, if such defect of parties exists, it appears on the face of the complaint, and the fact should have been presented by demurrer, under the fourth ground therefor, as stated in §344 Burns 1914, Acts

1911 p. 415. Since this was not done, any objection to the complaint in this regard has been waived. *White* v. *Suggs* (1914), 56 Ind. App. 572, 104 N. E. 55; *Pittsburgh, etc., R. Co.* v. *Schmuck* (1913), 181 Ind. 323.

It is also contended that a complaint, seeking relief on the ground of fraud, must state the acts which constitute the same. While this is true as a general
3. rule, it is also true that, under the provisions of the statute, a conclusion of fact, stated in a complaint, shall be considered and held to be the allegation of all the facts required to sustain such conclusion, when the same is necessary to the sufficiency thereof, unless a motion is made to require the plaintiff to state the facts necessary to sustain the conclusion alleged. Acts 1915 p. 123, §343a Burns' Supp. 1921; *Fisher* v. *Carey* (1918), 67 Ind. App. 438, 119 N. E. 383; *Haines* v. *Trueblood* (1918), 67 Ind. App. 456, 119 N. E. 376; *Central Bank, etc.* v. *Martin* (1918), 70 Ind. App. 387, 121 N. E. 57; *Fauvre, etc., Co.* v. *Kushner, supra*. In the instant case no such motion was made, and hence the conclusions, that the claim in question was fraudulent, and that the court was deceived as to its validity by the fraud of appellee in securing its allowance, must be accepted as sufficient to authorize the admission of proof, not only of actual fraud in relation thereto, but also of constructive fraud, arising from a breach of appellee's duty as the administrator of his mother's estate. *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 103 N. E. 16.

It is further contended that the complaint does not show that appellants have a meritorious defense to appellee's claim against the estate of his mother.
4. We cannot concur in this contention for the following reasons: It is quite clear that, before appellee could establish such a claim, he must show that he had a contract with said decedent, either express or

implied, to furnish the support and care on which it is based. *Eppert* v. *Gardner* (1911), 48 Ind. App. 188, 93 N. E. 550; *Wainwright Trust Co., Admr.,* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419. In the instant case it is not only alleged that appellee's said claim is not based on any contract, but it is also alleged that it is not based on any right whatever. Clearly, the element of a meritorious defense to appellee's said claim is sufficiently alleged, and therefore the contention in question is unwarranted.

It cannot be successfully contended that the complaint shows that appellants were guilty of laches in bringing this action, in view of the fact that it is alleged, 5. that they had no knowledge that said claim had been filed or allowed until November 1, 1921, and that immediately upon receiving information thereof, they sought the advice of counsel, and filed this, their complaint, to have said allowance set aside.

We conclude that appellants must prevail on their assignment of error. The judgment is therefore reversed, with instructions to overrule appellee's demurrer to the complaint, and for further proceedings consistent with this opinion.