## LEE ET AL. *v.* BROWNING.

[No. 14,627. Filed October 6, 1932. Rehearing denied December 16, 1932. Transfer denied March 29, 1933.]

*F. A. Seal, Alvin Padgett* and *Arthur Rogers,* for appellants.

*Charles G. Gardiner* and *Frank E. Gilkison,* for appellee.

KIME, P. J.—Washington school township of Daviess County desired to contract for the transportation of school children. They proceeded under Chap. 59 of the Acts of 1931, p. 144 and advertised for bids for the school years 1931-32, 1932-33, 1933-34, 1934-35. Bids were submitted for some twenty routes. At eight o'clock P. M. on the third Tuesday of July, 1931, the advisory board of the township met with the trustees and opened the bids submitted and awarded the contracts.

Ray Browning submitted a bid of $3.00 per day on route 11, proposing to use a Chevrolet 1927 model truck. Erve Padgett submitted a bid of $3.40 per day with a Chevrolet 1928 model truck. Wm. Small submitted a bid of $4.00 per day.

The bids on this particular route were opened, tabulated, considered, discussed and a contract was finally awarded to Erve Padgett.

On August 1, 1931 appellee filed suit against the trustee, advisory board members and the successful bidder. The complaint alleged that the contract was awarded "capriciously, arbitrarily and in bad faith and unlawfully." He asked that the contract be set aside, a restraining order issued to forestall procedure under the contract and a mandate ordering a contract with appellee. Appellee says this is an "action in injunction and mandatory injunction." The court rendered judgment holding the award of the contract arbitrary, illegal and void;

that appellee was entitled to the contract; that appellants be perpetually enjoined from proceeding under said contract; that trustee forthwith by this mandate enter into a contract with appellee.

Appellant moved to modify the judgment by striking out the part mandating the trustee to enter into a contract with appellee. This motion was overruled. This is assigned as error, as is the ruling on the motion for new trial, the specifications therein being that the finding is not sustained by sufficient evidence and that the finding is contrary to law. All present the same question.

We believe the question of major importance to be what is the power of the advisory board acting with the trustee under this act. If it is found that they had authority to do what was done another question arises—viz.: Was it used in such a manner as to justify equity to intervene?

The statute provides that a designated time after bids have been advertised for the trustee and advisory board "shall open the bids submitted and shall award the contracts . . . to the lowest or best responsible bidders."

Thus we come to a necessity for an interpretation of "lowest or best responsible bidder." The contract must be awarded to the lowest or best responsible bidder unless it shall be decided by them that none of the bids are satisfactory. In that event they shall re-advertise as provided by the statute. Thus it seems that those awarding the contract are to use their discretion and their act is not purely ministerial. An exercise of judgment is required. Their judgment must be exercised in determining the lowest or best responsible bidder.

We find that, where a power has been delegated to a body which requires the exercise of discretion or judgment, in the absence of an abuse of that discretion amounting to fraud, courts can not interfere. *Crow et al.* v. *The Board of Commissioners of*

*Warren County* (1889), 118 Ind. 51, 20 N. E. 642; *Robling et al.* v. *The Board of Commissioners of Pike County et al.* (1895), 141 Ind. 522, 40 N. E. 1079.

The advisory board is composed of three resident freeholders and qualified voters of the township. "At any session of such board any taxpayer of the township may appear and *be heard* as to . . . or any other matter being considered by the board." Sec. 12062, Burns Ann. St. 1926, Acts 1899, p. 150.

Therefore three qualified voters and resident freeholders of the township acting with the township trustee must award the contract to a resident of the township (if awarded) who in their judgment is the lowest or best responsible bidder. It takes no exercise of discretion to determine who is the lowest bidder. That is a simple mathematical calculation. Here the contract was not awarded to the lowest bidder, hence it was necessary for them to award it to the best responsible bidder if an award was made. There may have been several bidders who were responsible and it was their duty to award it to the best.

In arriving at who was the best responsible bidder the body is not limited to a definition of responsible which limits it to pecuniary ability. Of course that must be taken into consideration even though a bond is given for performance. A contract does not necessarily have to be awarded a bidder because a good bond is furnished. Here a bond is demanded of all bidders. The awarding body may take into consideration the liability and possibility of collecting under the bond and the cost of so doing as well as the probability.

Aside from financial responsibility it has been held that ability and capacity, capital, character and reputation, competency and efficiency, energy, experience, facilities, faithfulness and fidelity, fraud or unfairness in previous conduct, honesty, judgment, promptness, quality

of previous work, suitability to the particular task, are proper elements to be taken into consideration in determining the responsibility of a bidder on public contracts. *Williamson* v. *City of Topeka* (1911), 85 Kan. 857, 118 Pac. 864, 38 L. R. A. (N. S.) 672-674, Ann. Cas. 1913A, 497.

It is the duty of this body to take into consideration any or all of the above elements or anything else which in their judgment is likely to affect the interest of the political subdivision they represent.

In the instant case the body considered at some length the facilities of the appellee and his ability to render the kind of service that they believed was for the best interests of the township and the patrons to be served, They also discussed his financial condition and adjudged that if the bid were awarded to appellee that it would be expensive and vexatious, thus causing the township inconvenience and hardships that would not come from an award to another bidder.

Other of the elements enumerated above no doubt influenced the decision of the body. They may not have been expressed openly in the meeting and discussed but very probably entered into the mental calculations of the various members as they exercised their judgment.

The fact remains that the body did exercise its discretion and judgment. That may not have been the judgment of any other four men of the township but, in the absence of a showing that there was an abuse of that discretion, or a total disregard of the statute, or of fraud, their judgment is supreme. Their action can not be controlled by courts where they have so acted. The judgment of a court cannot be substituted for the judgment of the body intrusted with that duty.

If the judgment exercised is not what the voters of the township think it should be, they have their remedy in

the ballot. But they do not have a remedy of injunction or mandamus which would only substitute the judgment of the court for the judgment of the body created by statute for that purpose. *Boseker et al.* v. *The Board of Commissioners of Wabash County* (1882), 88 Ind. 267; *Eigenmann* v. *The Board of Commissioners of the County of Vanderburgh et al.* (1913), 53 Ind. App. 1, 101 N. E. 38; *Keener School Tp.* v. *Eudaly* (1931), 93 Ind. App. 627, 175 N. E. 363; *Kitchel et al.* v. *Board of Commissioners of Union County et al.* (1890). 123 Ind. 540, 24 N. E. 366; *Crow et al.* v. *Board, supra; Robling* v. *Board, supra.*

The finding of the Daviess Circuit Court being contrary to law, the judgment is reversed and the court instructed to enter judgment for appellants.