BUDD v. BOARD OF COUNTY COMMISSIONERS OF ST. JOSEPH COUNTY, ET AL.

[No. 27,215. Filed October 23, 1939.]

36

*Yeagley & Yeagley,* for appellant.
*George Sands,* for appellees.

SHAKE, J.—Appellant and Haywood Publishing Company were bidders for the Class 1 public printing contract for St. Joseph County for the year 1939. The board of county commissioners awarded the contract to Haywood and appellant sought an injunction as a taxpayer. The amended complaint was in two paragraphs, to each of which the court sustained a demurrer. We are called upon to review that ruling.

The bids were advertised for and received pursuant to § 26-536 Burns' 1933, § 5401 Baldwin's 1934, which provides in part:

> "No bid shall be received for any materials or supplies different from the exact specifications prepared and filed as hereinbefore required. Said board shall, after a satisfactory bid is received, award a contract to the lowest and best responsible bidder for each class of supplies or materials required."

The general rule is that public contracts attempted to be entered into pursuant to competitive bidding may be enjoined, at the instance of the taxpayer, where the award is arbitrary, corrupt, or fraudulent. *Boseker, et al.* v. *The Board of Commissioners of Wabash County* (1882), 88 Ind. 267; *Robling, et al.* v. *The Board of Commissioners of Pike County, et al.* (1895), 141 Ind. 522, 40 N. E. 1079. See also section 2759, 6 McQuillin on Municipal Corporations (2d ed.), where the cases relating to the subject are collected. The fact that the taxpayer who brings the action was also an unsuccessful bidder for the contract is immaterial if he is otherwise qualified. *Grace* v. *Forbes* (1909), 64 Misc. Rep. (N. Y.) 130, 118 N. Y. S. 1062.

Where, however, the board or administrative body is vested with discretionary power to enter into contracts pursuant to competitive bidding as, for example, the right to determine the best or most responsible bidder, as well as the lowest bid, the courts will not disturb an honest exercise of such discretion. This must be true because, as pointed out in *Lee* v. *Browning* (1933), 96 Ind. App. 282, 285, 286, 182 N. E. 550, "ability and capacity, capital, character and reputation, competency and efficiency, energy, experience, facilities, faithfulness and fidelity, fraud or unfairness in previous conduct, honesty, judgment, promptness, quality of previous work, suitability to the particular task, are proper elements to be taken into consideration in determining the responsibility of a bidder on public contracts." In the determination of these factors, courts will not undertake to set up their judgment against the judgment of the responsible administrative agencies.

Appellant's first paragraph of amended complaint proceeds upon the theory that the rejection of his bid and the awarding of the contract to the Haywood Publishing Company was an unlawful exercise of the discretion vested in the board of commissioners. The relevant allegations of this paragraph of the complaint may be briefly summarized as follows: the plaintiff is a taxpayer and brings the action on behalf of himself and all other taxpayers of the county; that the defendant board of commissioners and county auditor caused due notice to be given by publication, as required by law, that on a day named they would receive bids for the different classes of public printing required by said county during the year 1939; that plaintiff held the contract for Class 1 of said printing for the year 1938, and that he submitted his bid for the same class for

the year 1939 in the aggregate sum of $4,401.40, accompanied by a good and sufficient surety bond; that said Haywood Publishing Company bid $8,965.40 for the same class; that plaintiff has the financial and physical ability to perform the conditions of his bid and furnish the materials required in accordance with the specifications adopted by said board; that without giving any reason or cause therefor, the board of commissioners rejected the bid of the plaintiff, which was the lowest and best bid submitted to said board for said class, and wrongfully and unlawfully awarded said contract to said Haywood Publishing Company upon its said bid. The paragraph contains a prayer for an injunction against the defendants, restraining them from entering into any contract with respect to the bid of the Haywood Publishing Company, or any other person whose bid was not equally as low and good as that of the plaintiff.

Fraud may be actual or constructive. Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. 26 C. J., p. 1061; *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 103 N. E. 16. Such a situation may arise when the conduct under inquiry is so manifestly wrong and prejudicial to the public interest as to create a conviction that it was the result of fraud and a plain disregard of public duty. *Robling, et al.* v. *The Board of Commissioners of Pike County, et al.* (141 Ind. 522, 40 N. E. 1079). While fraud is never presumed, if the facts alleged show fraud, either actual or constructive, no positive averments of it are necessary. *Holliday* v. *Perry* (1906), 38 Ind. App. 588, 78 N. E. 877.

That plaintiff's complaint does not proceed upon the theory of actual fraud is apparent. The question arises then whether it is sufficient as charging constructive fraud. In other words, do the facts well pleaded, when admitted by the demurrer, present a situation where the law will say that constructive fraud is shown? In determining what of the facts are well pleaded it is necessary to note that there was no motion to make the complaint more specific, nor to plead facts to sustain the conclusions alleged therein. Under the statute all conclusions of fact stated in the complaint must be considered and held to be allegations of all the facts required to sustain such conclusions in determining the sufficiency of the pleadings, in the absence of a motion to require the plaintiff to plead facts to sustain such conclusions. § 2-1005 Burns' 1933, § 155 Baldwin's 1934. This applies to conclusions of fact as to fraud and breach of official duty. In *Rodebaugh* v. *Rodebaugh* (1923), 79 Ind. App. 324, 138 N. E. 263, the court said (p. 328):

"It is also contended that a complaint, seeking relief on the ground of fraud, must state the acts which constitute the same. While this is true as a general rule, it is also true that, under the provisions of the statute, a conclusion of fact, stated in a complaint, shall be considered and held to be the allegation of all the facts required to sustain such conclusion, when the same is necessary to the sufficiency thereof, unless a motion is made to require the plaintiff to state the facts necessary to sustain the conclusion alleged. * * * In the instant case no such motion was made, and hence the conclusions, that the claim in question was fraudulent, and that the court was deceived as to its validity by the fraud of the appellee in securing its allowance, must be accepted as sufficient to authorize the admission of proof, not only of actual fraud in relation thereto, but also of constructive fraud, arising from a breach of appellee's duty as the administrator of his mother's estate."

So, in the absence of a motion to make more specific or to plead facts to sustain the conclusions, the allegations of the first paragraph of the amended complaint, to the effect that appellant's bid was less than half that of the Haywood Company; that appellant was able and willing to perform in accordance with his bid; that his was the lowest and best bid submitted; and that appellees wrongfully and unlawfully awarded the contract to Haywood were sufficient as a matter of pleading to constitute a cause of action on the theory of a constructive fraud arising from a breach of official duty. It was not incumbent upon appellant to negative every consideration that might have influenced the exercise of a sound discretion on the part of the appellees in determining which was the best responsible bidder. It was enough to plead the ultimate facts showing that appellant's bid was the lowest; that he was the best responsible bidder; and that, notwithstanding, appellees unlawfully awarded the contract to another. This was accomplished by way of permissible conclusions, and we hold the first paragraph of the amended complaint good against the demurrer.

The second paragraph of the amended complaint alleges that the specifications adopted by the board of commissioners were not in accordance with the requisitions for supplies submitted by the several county officers; that said specifications did not comply with the laws of the state and the directions of the state officers having charge of such matters; and that the bid of the Haywood Publishing Company was not in compliance with the law. Neither the requisitions, specifications, or bids, nor the substance thereof, are set out in the complaint. Reference is made in the briefs to the standard·form of specifications, bid, and contract and certain rules respecting the same

prescribed by the State Board of Accounts. One of the parties has supplied the record with a copy of these forms and rules, upon the presumption, we assume, that we will take judicial notice thereof. Be that as it may, it is not disclosed by the complaint that the board of commissioners used the prescribed forms in adopting the specifications and we would not be warranted in assuming that they did. Under the circumstances, it is impossible to determine with any degree of certainty the terms of the requisitions, specifications, and bids or whether they complied with the law. For that reason, we are unable to say that the court below erred in sustaining the demurrer to the second paragraph of the amended complaint.

The judgment is reversed, with directions to overrule the demurrer to the first paragraph of the amended complaint and for further proceedings not inconsistent herewith.