FEIGEL CONSTRUCTION CORPORATION *v.* THE CITY OF EVANSVILLE, ETC. ET AL.

[No. 18,831. Filed May 13, 1958. Rehearing denied June 17, 1958. Transfer denied September 30, 1958.]

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellant.

*Ellis B. Anderson,* Evansville City Attorney, *Kahn, Dees, Donovan & Kahn, Harry P. Dees, Bert C. Cheatham, Walker & Walker, Henry B. Walker, Jr.,* and *Morton W. Newman,* all of Evansville, for appellees.

PER CURIAM.—The appellant, a corporation having its principal office and place of business in the City of Evansville, Indiana, filed a suit in the court below seeking an injunction against the appellees, The City of Evansville, Indiana, the Board of Public Works of the City of Evansville, Indiana, and M. B. Wedge, Truman Rhoads and Vincent A. Jahn, individually and as members of the Board of Public Works of the City of Evansville, Indiana. In its amended complaint the appellant alleged that it is a taxpayer in said City and files and prosecutes such action for itself and for and on behalf of all taxpayers of said City; that the above named appellees purported to approve plans for and ordered publication of notice calling for sealed proposals for the performance of work in connection with the construction of streets, entrances and parking areas at the Evansville Municipal Stadium. The complaint alleges

that the notice to bidders invited and requested the submission of a bid or a sealed proposal with respect to the execution and performance of all of said work as an indivisible unit or entirety, and that the Board of Public Works of the City of Evansville awarded contracts for nine separate portions of said work, separately and severally to five separate bidders. Appellant's complaint alleges that such action was unlawful and in violation to the statutes of Indiana for the reasons, first, that the contract should have been awarded as an entirety, and second, that the plans, drawings, and specifications were not as provided by law by reason of the fact that said notices stated that the plans and specifications would be open for inspection at Engineer Associates rather than at the office of the Board of Public Works in the City of Evansville.

The appellees by their answer denied the material averments of appellant's complaint and affirmatively alleged that such notice to bidders invited individual unit bids upon variously designated separate portions of said construction work. Appellant filed its reply thereto denying the material allegations of said answer. Other appellees filed their answers denying that the appellant represented the taxpayers of the City of Evansville, and other appellees filed answers to intervene as taxpayers of the City of Evansville and alleged that the appellant did not represent them nor the interests of other taxpayers and that the appellant's interest was adverse to the interests of the taxpayers on whose behalf appellant allegedly instituted the action.

Upon the issues thus presented the cause was submitted to the court for trial without the intervention of a jury, and at the close of the evidence on behalf of appellant the appellees moved the court for a finding and judgment for appellees, and each of them, and

against the appellant on its complaint as amended. This motion was sustained by the court and the court thereafter rendered judgment that the appellant take nothing and that appellant be denied the relief sought by its complaint as amended and that the appellees recover their costs.

The appellant filed its motion for a new trial on the grounds that the decision of the court is contrary to law, and that the court erred in sustaining the separate, several, joint and collective motions of the appellees for a finding and judgment for the appellees, and each of them, and against the appellant on its complaint as amended. Further error in the motion for a new trial is predicated upon the action and the alleged error of the court in sustaining the objection to certain testimony offered to prove an alleged custom or practice of the appellees in connection with the publication of notices to bidders concerning contracts to be awarded pursuant to such custom or practice.

The court overruled appellant's motion for a new trial and this appeal followed. The sole ground of appellant's assignment of error in this court is that the trial court erred in overruling appellant's motion for a new trial.

Appellees assert that it was not proper for the appellant to bring this action and allege that appellant's interests are adverse to the interests of the taxpayers of the City of Evansville, Indiana. This contention is without controlling merit inasmuch as it is well settled that the fact that the taxpayer who brings an action to enjoin a public contract on proper grounds was also an unsuccessful bidder for such contract is immaterial if he is otherwise qualified. *Budd* v. *Bd. of Co. Comrs. of St. Joseph Co.* (1939), 216 Ind. 35, 22 N. E. 2d 973. The record in the instant

case discloses that appellant is qualified as a taxpayer to bring this action.

Appellant's asignments of error are grounded mainly upon the contention that there was not a compliance with the statutes with reference to the awarding of such public contracts. The principal statute in question involved herein is §48-1904, Burns' 1950 Replacement, which has been in effect since 1905 (Acts 1905, ch. 129, §95, p. 219), and which statute provides in the portion thereof germane to this appeal as follows:

"CONTRACTS — NOTICE — BIDS — FOR-FEITURE.—Whenever such board shall order any work to be done which, either by order of the board or according to law, is to be performed by contract, such board shall prepare and place on file in the office of such department complete drawings and specifications for such work. Thereupon, such board shall cause to be published for two (2) weeks, once each week, in a newspaper of general circulation published in such city, a notice informing the public and contractors of *the general nature of the work* and of the fact that the drawings and specifications are on file in such office, and calling for sealed proposals for such work by a day not earlier than ten (10) days after the first of such publications. . . ." (Our emphasis.)

The courts of this state have repeatedly stated that the purpose of the foregoing statute as "expressed with great clearness by the legislature, is to insure competition." *Seibert* v. *City of Indianapolis* (1907), 40 Ind. App. 296, 81 N. E. 99, *Hoosier Construction Co.* v. *Seibert* (1917), 63 Ind. App. 594, 114 N. E. 981. The statute itself contains the requirement that the notice of the letting of such contracts must call for sealed proposals for such work by a day not earlier than ten (10) days after the first of such publications and that such notice must be published for two weeks, once each week, in a newspaper of general circulation and such notice must inform the public and

contractors of the general nature of the work and of the fact that the drawings and specifications are on file in the office of the Board of Public Works of such municipality.

The notice in the instant case provided as follows:

## "NOTICE TO BIDDERS"

"Notice is hereby given that the Board of Public Works of the City of Evansville, Indiana, will, until the hour of 8:00 o'clock A.M. CST (9:00 o'clock A.M. DST), on Friday, September 23, 1955, receive sealed proposals for the execution of the following described work:

"Construction of Streets, Entrances and Parking Area for the Evansville Municipal Stadium located at Boeke Road and Vann Avenue in the City of Evansville, Indiana. The installation and construction of said parking area will cover an area of approximately twenty (20) acres, which will include the following work: Grading, Street Pavement, Parking Stalls, Rails, Storm Drainage, Lighting, and pavement or surfacing of entrances, streets and of the parking area proper according to the plans and specifications now open for inspection at Engineer Associates, 308 N.W. Eighth Street, Evansville, Indiana.

. . . . . . . .

"The Board reserves the right to reject any and all bids and to waive any non-material informalities in the bids.

"Dated at Evansville, Indiana, this 2nd day of September, 1955.

"BOARD OF PUBLIC WORKS OF THE CITY OF EVANSVILLE, INDIANA,
By M. B. Wedge, President,
Truman Rhoads, Vice President,
Vincent A. Jahn, Member.

"Attest:
Byron J. Enders, Clerk.
(Courier-Press—Sept. 5, 12, 1955.)"

It is apparent that the notice clearly indicated the general nature of the work sufficient to satisfy the requirement of the statute. *Bozarth* v. *McGillicuddy et al.* (1898), 19 Ind. App. 26, 47 N. E. 397, 48 N. E. 1042.

It must be conceded that the notice stated that the plans and specifications were open for inspection at Engineer Associates, 308 N.W. Eighth Street, Evansville, Indiana, which was not the office of the Board of Public Works as required by §48-1904, *supra*. However, by a later statute, §53-110, Burns' 1951 Replacement, provision is made for the filing of such plans, specifications and drawings in the office of the board, commission, trustee, officer or agent, which would seem to be broad enough to have permitted the filing of these plans in the office of Engineer Associates in compliance with the law in the absence of any showing of fraud or that such deviation from the statute dissuaded or prevented competitive bidding. Were it made to appear that by reason of any filing, either with the Board or an agent, which amounted to a dissuasion or any hindrance or interference with competitive bidding, the same would be violative of the statute, but no such showing is made in the instant case.

Further contention is made by the appellant that the applicable statutes require that such drawings, plans and specifications shall be prepared and placed on file in the office of the Board prior to the publication of notice to bidders and to the public and that such statutory requirement is mandatory under the provisions of §§48-1904 and 53-110, *supra*, and §53-108, Burns' 1951 Replacement. It is apparent from the record that the plans and specifications were not on file on the date of the first publication and notice and were not on file until September 12, 1955. The

notice advised bidders that bids would be received up until the hour of 8:00 o'clock A.M. on Friday, September 23, 1955. The record, therefore, affirmatively shows that the plans and specifications were on file for a period of eleven (11) days after the first publication of notice, and the statute requires that the notice should call for sealed proposals for the work in question by a day not earlier than ten (10) days after the first of such publications. Thus, the plans and specifications were on file for examination for a longer period of time than the ten (10) days required by the statute, although the same were not on file for a period of ten (10) days from the date of the first publication. There was compliance with the essential purpose of the statute which was to insure competitive bidding and there was sufficient substantial compliance with the provisions of the statute as to notice to bidders to such extent that it would be improper for this court to hold such contracts void. *Shirk* v. *Hupp* (1906), 167 Ind. 509, 78 N. E. 242, 79 N. E. 490; *Jenney* v. *City of Des Moines* (1897), 103 Ia. 347, 72 N. W. 550; *Carr* v. *Fenstermacher* (1929), 119 Neb. 172, 228 N. W. 114; *Jenkins et ux* v. *City of Bowling Green* (1933), 251 Ky. 119, 64 S. W. 2d 457; 43 Am. Jur., Public Works and Contracts, §220, p. 968; McQuillen Municipal Corporations (2d Ed.) Vol. 3, §1340, p. 1251.

There is no charge of fraud or illegality, nor any possible inferences to be drawn from the evidence which would show that free, open competitive bidding was thwarted or that the rights of the public in regard thereto were affected in any degree whatsoever in connection with the notice itself or the filing of the plans and specifications in the office of the agent of the Board.

Another major contention of the appellant is that the

award of contracts was improper and illegal in that the contract should have been awarded as an entirety and that the form of the notice provided for the execution and performance of all of said work as an indivisible unit or entirety. The statute itself only requires that the invitation to bidders shall inform the public and contractors of the general nature of the work. The Indiana statute does not require the Board to award the entire contract to one bidder nor does it prohibit separate contracts as does the New Jersey statute which is the basis for the decision cited by the appellant of *McDermott* v. *Jersey City* (1893), 56 N. J. L. 273, 28 Atl. 424. The same applies to the decisions cited by appellant, *Stimson* v. *Hanley* (1907), 151 Cal. 379, 90 Pac. 945; *Treanor* v. *Houghton* (1894), 103 Cal. 53, 36 Pac. 1081, inasmuch as the California statute did not give the Council authority to award separate contracts.

The appellant further asserts that there was error in the court's sustaining of appellees' objection to certain testimony offered to prove an alleged custom or practice of the appellees in connection with the publication of notice to the effect that a different type of notice had been used as a matter of custom and practice by the appellee Board where separate contracts were to be awarded. There can be no question that custom and usage cannot contravene the requirements of a statute, and since the Board of Public Works had the right to award separate contracts, as pointed out *supra* in this opinion, the fact that a particular form had been used in certain instances, in the absence of any showing that there was dissuasion, hindrance or interference with competitive bidding, reversible error cannot be predicated upon the action of the trial court in excluding this offered testimony.

For the reasons given herein the court did not err

in sustaining the separate, several, joint and collective motions of the appellees for a finding and judgment for the appellees, and each of them, and against the appellant on its amended complaint, and the court did not err in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 150 N. E. 2d 263.