**INMAN'S INCORPORATED, an Indiana Corporation, Plaintiff–Appellant,**

v.

**CITY OF GREENFIELD, Indiana, a Municipal Corporation, Defendant–Appellee.**

No. 1–280A51.

Court of Appeals of Indiana, First District.

Nov. 12, 1980.

---

Phillip W. Brown, Shelbyville, for plaintiff–appellant.

C. Thomas Billins, Greenfield, for defendant–appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff–appellant Inman's Incorporated (Inman) appeals from an adverse judgment by the Hancock Superior Court in an action for money damages for breach of contract against defendant–appellee City of Greenfield (City).

We affirm.

### STATEMENT OF THE FACTS

In 1976, City, through its Board of Public Works and Safety, accepted bids for City's gasoline supply for the following year. Inman and Shelby Oil Company (Shelby) submitted the only two bids. Inman's bid was 38.5 cents per gallon for regular gasoline, and 39.5 cents per gallon for unleaded gasoline. Shelby's bid was 41.0 cents and 42.9 cents, respectively. Each bid contained an escalating clause to protect the bidder from unforeseeable rises in the cost of gasoline, including increases in fuel taxes. City contracted with both Inman and Shelby, but was not bound to purchase a specific amount of gasoline from either supplier. Inman concedes that its contract with City was not exclusive and did not contain a provision setting forth a specified amount of gasoline to be sold.

During the contract period, City ordered 17,859.7 gallons of gasoline from Inman, and 26,508.8 gallons of gasoline from Shelby. At all times Inman's selling price to City was lower than Shelby's, sometimes by as much as eight cents per gallon. City does not contend there was a difference in the quality of the product supplied by In-

man and Shelby or that Inman was an unreliable or irresponsible supplier. City considered Shelby's past good services and the existence of the escalating clause as factors in deciding to award contracts for its gasoline supply to both Inman and Shelby. Also, Shelby's place of business was across the street from the fire station, and it had made available a key to the premises so the fire department could obtain gasoline at any time.

## ISSUE

Inman contends the trial court's decision is contrary to law, and advances the following proposition: City would never be able to determine, in advance, which bidder actually could provide the lowest gasoline price because of wholesale price fluctuations. Inman's initial, lower price could rise above the price at which Shelby would supply City. For this reason, Inman agrees City was probably correct for accepting both bids. However, Inman argues City, having accepted both bids, was under a duty to award purchase orders to the bidder whose current price was lowest. Inman further argues that Indiana law binds a public body to accept the lowest and best bid, and this policy is incorporated into all public contracts. The failure of City to so uphold the law was a breach of contract, Inman concludes, giving rise to money damages.

## DISCUSSION AND DECISION

■ Ind.Code 5–17–1–2, the competitive bidding statute, requires a municipal corporation to award contracts for supplies to the "lowest and best bidder." The general rule allows a taxpayer to enjoin public contracts entered into pursuant to competitive bidding where the contract award is arbitrary, corrupt, or fraudulent. It is immaterial whether a taxpayer bringing an action against a municipality was an unsuccessful bidder for a public contract because his legal status as a taxpayer qualifies him to sue.

■ In *School City of Gary v. Continental Electric Company*, (1971) 149 Ind. App. 416, 273 N.E.2d 293, this court held that an administrative unit of a municipality is vested with discretionary power to enter into contracts pursuant to competitive bidding, and that it would not disturb the honest exercise of such discretion. In determining whether a bidder is responsible and reliable, administrative agencies consider these factors: ability and capacity, capital, character and reputation, competency and efficiency, energy, experience, facilities, faithfulness, fraud or unfairness in previous dealings, honesty, judgment, promptness, quality of previous work, and suitability to the particular task. If the factors support the determination, courts will not impose their judgment upon responsible administrative agencies. *Budd v. Board of County Commissioners of St. Joseph County*, (1939) 216 Ind. 35, 22 N.E.2d 973; *School City of Gary, supra; Haywood Publishing Company v. West*, (1942) 110 Ind.App. 568, 39 N.E.2d 785. Ind. Code 5–17–1–2 does not prohibit a public body from making more than one contract for the purchase of same kind materials or supplies. *Feigel Construction Corporation v. The City of Evansville*, (1958) 128 Ind.App. 698, 150 N.E.2d 263. The above cases were brought on behalf of taxpayers who sought to enjoin a public body from accepting a higher bid. We have no case, and the parties have cited none, which permits an action by a disappointed bidder for money damages.

■ In *School City of Gary, supra*, the court addressed the issue of public policy:

"Whenever public moneys are encumbered by a governmental agency, a solemn duty arises to protect these moneys. Competitive bidding requirements have been legislated to safeguard the public against fraud, favoritism, graft, extravagance, improvidence and corruption, and to insure honest competition for the best work or supplies at the lowest reasonable cost."

149 Ind.App. at 419, 273 N.E.2d 293. We view the competitive bidding statute as establishing the procedural requisites for entering into a contract. The purpose is to

protect the public treasury, and not to benefit a disappointed bidder. Of course, a taxpayer or citizen may sue to enjoin a waste of public money, but the statute does not provide for actions seeking money damages for breach of non–exclusive contracts. A parallel exists in the cases brought under Ind.Code 34–4–17–1, the public lawsuit statute in which the courts have held that the statute's purpose is not to provide disgruntled bidders with a new cause of action. *State ex rel. Sekerez v. Lake Superior Court,* (1975) 263 Ind. 601, 335 N.E.2d 199; *Gariup v. Stern,* (1970) 254 Ind. 563, 261 N.E.2d 578.

■ Generally, contracts with public bodies are construed and enforced in the same manner as any other contracts between private individuals, except as they may be controlled by statute. *State v. Feigel,* (1931) 204 Ind. 438, 178 N.E. 435; *Rieth–Riley Construction Company v. Town of Indian Village,* (1966) 138 Ind.App. 341, 214 N.E.2d 208. To be enforceable, contracts must be sufficiently definite; amounts and prices must be fixed, or be subject to some ascertainable formula or standard. *Marshall v. Ahrendt,* (1975) 165 Ind.App. 359, 332 N.E.2d 223.

■ To obtain money damages, Inman must rely on the specific terms of his contract with City. Inman had a non–exclusive contract to furnish an unspecified amount of gasoline. City was free to order its gasoline from either Inman or Shelby.

For the above reasons, the decision of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.