782 F.2d 101
 NATIONAL WRECKING COMPANY, Plaintiff-Appellant,
v.
SPANGLER, JENNINGS, SPANGLER & DOUGHERTY, an Indiana
Professional Corporation, and William S. Spangler, Harry J.
Jennings, Ronald T. Spangler, Patrick J. Dougherty, Duane V.
Stoner, Samuel J. Furlin, Richard A. Meger, Jay A. Charon,
John P. McQuillan, Rodolfo Lozano, Samuel J. Bernardi, Jr.,
Jon F. Schmoll, Robert D. Hawk, Joseph E. McDonald and Peter
G. Koransky, Defendants-Appellees.
 No. 85-1705.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 5, 1985.
Decided Jan. 21, 1986.
 
 Kenneth W. Sullivan, Foran, Wiss & Schultz, Chicago, Ill., for plaintiff-appellant.
 Thomas F. Cohen, South Bend, Ind., for defendants-appellees.
 Before CUDAHY and RIPPLE, Circuit Judges, and WILL, Senior District Judge.*
 RIPPLE, Circuit Judge.
 
 
 1
 National Wrecking Company (National), an Illinois corporation, instituted this attorney malpractice suit in 1981. National alleged that the defendant, Spangler, Jennings, Spangler & Dougherty (Spangler), an Indiana law firm, failed to perfect an appeal from the dismissal of an Indiana state court suit in which Spangler represented National. The district court, finding that Spangler's negligence was not the proximate cause of National's injury because National did not have a valid underlying claim cognizable under either federal or state law, granted summary judgment in favor of Spangler. We affirm.
 
 
 2
 * The material facts in this case are essentially undisputed. In 1973, as part of an urban renewal project in the City of Gary, Indiana, National submitted a bid for a contract to demolish certain structures. The contract was awarded to another bidder. In August 1973, National retained an attorney, Vitold Reey, Esq., to institute a lawsuit against the City of Gary. Mr. Reey filed the suit on National's behalf in the circuit court of Lake County, Indiana on August 15, 1973 seeking injunctive relief and money damages in the amount of $552,850. R. 1, Ex. A. The complaint alleged that, by not awarding the contract to National, Gary's Redevelopment Commission had violated I.C. 5-16-1-1, which required that the contract be awarded to the "lowest and best bidder." Id. at I, para. 6. The complaint also alleged that the City's denial of National's bid constituted an equal protection violation under both the United States and Indiana constitutions. Id. at IV, para. 9.
 
 
 3
 In August 1975, National retained Spangler to take over as attorneys of record on the case. The case was set for pretrial conference on March 3, 1978. The trial date, which originally was set for August 7, 1978, was continued generally.[1] On February 15, 1979, the City moved to have the case set for trial. The court set a trial date of May 10, 1979. However, counsel for the City neglected to inform Spangler of the motion to have the case set for trial and of the setting of a trial date. Spangler failed to answer the trial call on May 10, 1979, and the case was dismissed.
 
 
 4
 Nearly a year later, in April 1980, Spangler heard of the dismissal and moved to reinstate the claim pursuant to Indiana Trial Rules 41(F)[2] and 60(B).[3] The motion was denied on May 12, 1980. On June 20, 1980, Spangler filed a motion to reconsider the denial of the motion to reinstate. That motion was denied on June 27, 1980. Following direct communication with the trial judge, who told them "not to worry," the Spangler attorneys let lapse the time to file a motion to correct errors pursuant to Trial Rule 59.[4] Instead, the firm filed another motion to reconsider on July 8, 1980. After a hearing on December 15, 1980, the trial judge denied this motion. By this time, the sixty-day period for filing a Rule 59 motion had expired.
 
 
 5
 This suit, based on diversity jurisdiction, was filed in the northern district of Illinois on November 19, 1981. It was transferred to the northern district of Indiana in May 1982. Spangler moved for summary judgment claiming that National's claim was barred by the statute of limitations and that there was no valid underlying cause of action. In its opposing memorandum, National argued that there was a valid underlying cause of action based on the Indiana competitive bidding statute. In March 1985, the district court held that National's claim was not barred by the statute of limitations.[5] However, it also held that National did not state a claim for attorney malpractice because it did not have a valid underlying cause of action. On this ground, it granted Spangler's motion for summary judgment. It is from the grant of summary judgment that this appeal was taken.
 
 II
 
 6
 To state a claim for attorney malpractice under Indiana law, a party must establish that there was a valid claim in the underlying action which was allegedly mishandled by the defendant attorney. 3 Ind. Law Ency. Attorney and Client Sec. 78. In other words, the client must show that the attorney's negligence proximately caused the injury. National contends that, in the underlying lawsuit, it had a meritorious claim under Indiana law. Therefore, it argues, it has now stated a valid claim for attorney malpractice under Indiana law. More precisely, National argues that it had valid claims based on both the Indiana competitive bidding statute and the equal protection guarantees of the United States and Indiana constitutions.
 
 A. The Equal Protection Claims
 
 7
 National argues before this court that it had a valid claim based on the equal protection clauses of the federal and state constitutions. However, the only place these contentions are mentioned in the litigation of the summary judgment motion before the district court is in the statement of facts contained in National's Memorandum in Opposition to Defendant's Motion for Summary Judgment. R. 29. Even there, its treatment of the issue is cursory. All that is said is that "the complaint sought damages in the sum of $552,850 not only for the City's failure to award the contract to National Wrecking Company but for the discriminatory actions of the City in not awarding the contract to National Wrecking Company." R. 29 at 8. No further argument or factual amplification was made in that document. Nor was the issue orally presented to the district court. R. 39 at 13 n. 5. Consequently, the district judge summarily disposed of these contentions in a footnote; he stated that there was "no rational basis, in view of National's complaint, to support a claim of a denial of equal protection or violation of National's civil rights." Id.
 
 
 8
 We believe that the district judge properly disposed of these claims. It is well-settled that, to withstand a motion for summary judgment, the party opposing the motion "must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir.1983). If the party opposing the motion fails to raise the issue and judgment is entered for the moving party, that issue cannot be raised on appeal.
 
 
 9
 In resisting Spangler's motion for summary judgment, National had an obligation to raise the issue squarely and to provide the district court with sufficient factual information to permit the district court to determine the viability of the claim. Moreover, in resisting a motion for summary judgment, a litigant cannot rely on bare allegations but must demonstrate the existence of a material issue of fact. See Id.; Frank C. Bailey Enterprises, Inc. v. Cargill, Inc., 582 F.2d 333, 334 (5th Cir.1978); Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 492 (2d Cir.), cert. denied, 350 U.S. 861, 76 S.Ct. 101, 100 L.Ed. 764 (1955). Since National barely raised the equal protection arguments in the summary judgment proceedings and certainly did not provide the court with sufficient factual information to assess the viability of the claim, the district court properly dismissed the claim.
 
 
 10
 B. Claim Under the Competitive Bidding Statute
 
 
 11
 In the underlying state suit against the City, National sought a damage award totaling $552,850. In another count, it sought injunctive relief against the City.
 
 
 12
 The bidding process in this case was conducted under the Indiana competitive bidding statute, I.C. 5-16-1-1 (now recodified as I.C. 5-16-1-1.2). That statute provides that:
 
 
 13
 When any public building or any other public work or improvement of any character whatsoever is to be constructed, erected, altered or repaired ... it shall be the duty of the board, ... to adopt plans and specifications and award a contract for such public work or improvement to the lowest and best bidder who submits a bid for the performance thereof.
 
 
 14
 (Emphasis supplied.) National alleged in its state court complaint that the City's failure to award it the demolition contract violated the statute. National claims that its $52,850 bid was the lowest and best bid submitted, and, therefore, it was entitled to be awarded the contract. R. 1, Ex. A.
 
 
 15
 We believe that the allegations do not state a valid claim under the law of Indiana for two reasons. First of all, it is clear that the Indiana competitive bidding statute does not permit an unsuccessful and disgruntled bidder to maintain an action for monetary damages. Rather, the competitive bidding statute is intended "to protect the public treasury, and not to benefit a disappointed bidder." Inman's Inc. v. City of Greenfield, 412 N.E.2d 126, 128-29 (Ind.App.1980). National submits, however, that the decision of the Supreme Court of Indiana in Gariup v. Stern, 254 Ind. 563, 261 N.E.2d 578 (1970), is to the contrary. The Gariup court noted, in dicta, that:
 
 
 16
 [A] bidder for a public contract seeking to have the award of the contract enjoined or voided by the trial court on the grounds of fraud or illegal procedures is in an entirely different position than a taxpayer or citizen seeking similar relief solely for the general benefit of all taxpayers. The bidder invests considerable time, effort and money in submitting a bid and is pecuniarily damaged if illegal procedures are used to his disadvantage.
 
 
 17
 261 N.E.2d at 581. We believe Gariup stands for a far more modest principle than the one urged by National. The case merely holds that, under the public lawsuit provision of the Indiana Code, I.C. 34-4-17-1, an unsuccessful bidder, if he is also a taxpayer, may bring, along with other taxpayers, a lawsuit challenging public bidding procedures and "seeking to have the award of the contract enjoined or voided by the trial court on the grounds of fraud or illegal procedures ...." 261 N.E.2d at 581. It does not permit an action for damages. This reading of Gariup is consonant with the watershed holding of the Supreme Court of Indiana in Budd v. Board of Com'rs of St. Joseph County, 216 Ind. 35, 22 N.E.2d 973, 975 (1939):
 
 
 18
 The general rule is that public contracts attempted to be entered into pursuant to competitive bidding may be enjoined, at the instance of the taxpayer, where the award is arbitrary or fraudulent.... The fact that the taxpayer who brings the action was also an unsuccessful bidder for the contract is immaterial if he is otherwise qualified.
 
 
 19
 (Citations omitted.) It is also consonant with the observations of the Indiana intermediate appellate court a decade after Gariup: "We have no case, and the parties have cited none, which permits an action by a disappointed bidder for money damages." Inman's, 412 N.E.2d at 128.
 
 
 20
 Even if Indiana law did permit an unsuccessful bidder to maintain an action for damages, National did not state a viable claim. The competitive bidding statute at issue here vests the committee or trustee charged with letting the contract with discretion to choose the lowest and best bid. Obviously, the lowest bid may be determined according to objective criteria. However, a determination of the "best" bid is subjective and unquantifiable. School City of Gary v. Continental Electric Co., 149 Ind.App. 416, 273 N.E.2d 293, 296 (1971). While the statute's language does not provide a license to choose a bidder discriminatorily, it does grant considerable discretion to the decisionmaker. It has long been the law of Indiana that where an administrative body is vested with discretion to enter into contracts pursuant to a competitive bidding scheme, "the courts will not disturb an honest exercise of such discretion." Budd, 22 N.E.2d at 975. In making these decisions, the administrative body must consider many factors including capital, reputation, experience, honesty, judgment, promptness, quality of work product and suitability for the task at hand. Id. (citing Lee v. Browning, 96 Ind.App. 282, 285, 182 N.E. 550, 551 (1933)). Indiana courts have permitted taxpayers to bring injunctive actions to enjoin the award of a contract through a bid procedure. School City of Gary, 273 N.E.2d 293; see also Feigel Construction Corporation v. City of Evansville, 128 Ind.App. 698, 150 N.E.2d 263, 265 (1958). However, the School City of Gary court noted that the "decision of the school as to bid awards cannot be overturned by the trial court unless such decision is arbitrary, corrupt or fraudulent." Id. at 296-97. Here, as the district court noted, the appellants make no allegation that the City acted arbitrarily, fraudulently or corruptly; they simply allege that the City made the wrong choice. Such an allegation is, under Indiana law, not sufficient.[6]
 
 CONCLUSION
 
 21
 We conclude that the district court correctly determined that, under the law of Indiana, National did not have a valid claim in the underlying lawsuit. Consequently, we affirm the judgment of the district court which dismissed the malpractice action.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 According to the district court, National and the City appealed to continue the trial and a trial date of November 9, 1978 was set. On November 1, 1978, Spangler moved for additional time to prepare for trial
 
 
 [2]
 Indiana Trial Rule 41(F) provides that: "For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."
 
 
 [3]
 Indiana Trial Rule 60(B) provides in pertinent part that:
 On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
 (1) mistake, surprise, or excusable neglect;
 (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
 (3) fraud, ... misrepresentation, or other misconduct of an adverse party;
 * * *
 (6) the judgment is void;
 * * *
 (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
 The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4) ....
 
 
 [4]
 The Rule 59 motion to correct errors would have been directed at the court's earlier denial of a Rule 60(B) motion to reinstate. See Order Granting Motion for Summary Judgment, R. 39 at 3
 Trial Rule 59(C) provides that, "[a] motion to correct error shall be filed not later than sixty days after the entry of a final judgment or an appealable final order. A copy of the motion to correct error shall be served, when filed, upon the judge before whom the case is pending pursuant to Trial Rule 5."
 
 
 [5]
 No appeal has been taken with respect to this holding
 
 
 [6]
 It is not entirely clear whether, in this malpractice action, the appellants have alleged that they suffered damages by the dismissal of their request for an injunction in the state court. The thrust of their argument is toward the damage action. Assuming, arguendo, that the dismissal of the injunctive action is an asserted basis for relief in this malpractice suit, it would fail for lack of the same allegations of arbitrariness, fraud, or corruption