SADIE RAE EGAN AND GARY FREDERICK EGAN *v.* PENNY B. FINNEGAN AND SAMUEL L. FINNEGAN.

[No. 2-773A161.  Filed August 4, 1976.]

*John Johnston, McCallen, Johnston & Mattern,* of Wabash, for appellants.

*Donald G. Fern,* of Peru, for for appellees.

WHITE, J.—This is a natural mother's appeal from an interlocutory order issued in the course of adoption proceedings initiated by her husband. Her child, then five years of age, born out of wedlock, had been in the physical custody of the mother's older, married sister until the day the husband's petition was filed. That day the child was forcibly taken from the sister by the mother and her husband. The sister and the sister's husband thereafter intervened by filing (1) their own adoption petition and (2) a "Petition for Custody". Their custody petition alleged that the child was dependent and neglected, prayed that it be declared a ward of the court, and that custody be awarded to the sister. A summons was issued and served upon the mother commanding her appearance at a hearing "to answer a petition alleging that said . . . [child] is dependent and a neglected child. . . ." Neither the custody petition, nor the court's entry fixing the hearing date, nor the summons, contained any words indicating that the hearing would involve any issue of the necessity of the mother's consent to adoption by the mother's sister and husband. Nevertheless the order issued after the hearing included the finding that "the natural mother of the child abandoned the child for five (5) years . . . [and] that the adoption of the child by . . . [the mother's sister] does not require the consent of . . . the natural mother, and that said consent is dispensed with." It is this so-called termination of parental rights to which the mother most persuasively objects, although she also challenges the award of custody to her sister, which was also a part of the order.

There was substantial evidence of probative value sufficient to sustain the finding that the mother was not a fit and proper person to have the custody of her child. There was also substantial evidence of probative value sufficient to sustain the implied finding that the sister and her husband were fit and proper persons to have the child's custody and that it would be in the child's best interest to award her custody to the sister. We have no

hesitancy in affirming the custody order. Appellant had adequate notice that custody was at issue.

Appellant makes a very persuasive argument that her only notice of the issue before the court at the hearing was the summons' statement that she was to appear "to answer a petition alleging that said child . . . is dependent and a neglected child". However, she was represented by counsel who, having examined the record and the petition, prepared and filed a motion to dismiss it which calls it "the petitioner's petition for custody". But there is nothing in the petition or the record which indicates that the question of the necessity of the mother's consent to adoption of her child by her sister was to be an issue before the court at the hearing for which the summons was issued. Furthermore, we have carefully read the transcript of the proceedings at that hearing and find nothing therein which indicates that the question of consent, or necessity for consent, was considered to be an issue. On the contrary, we note that when the mother's husband was being questioned by the mother's attorney concerning the physical appearance of the home in which he and the mother and child were then living, the folowing colloquy occurred:

> [Sister's attorney]: "Your Honor, if I may interject at this time, I don't think the issue of the adoption is before the Court. I don't know where Mr. Roberts is going here.
> [Mother's attorney]: "Your Honor, the petition states that this child has been neglected since the date of the— since it's been with this family.

THE COURT: "I'll overrule the objection. You go ahead."

We hold that because the appellants had no notice that necessity for the mother's consent to her sister's adoption of her child would be an issue at the custody hearing, the trial court denied them due process by including in its order of February 23, 1973, the last paragraph thereof, which reads:

> "The Court further finds that the adoption of the said child by Penny B. Finnegan does not require the consent

of Sadie Rae Egan, the natural mother, and that said consent is dispensed with."[1]

Except for that paragraph, the order of February 23, 1973, is affirmed. This cause is remanded to the trial court with direction to set aside that paragraph of the order and for further proceedings not inconsistent with this opinion.

Buchanan, P.J. and Sullivan, J., concur.

NOTE.—Reported 351 N.E.2d 902.

---

1. *Leinenbach v. Dairymen, Inc.* (1975), 166 Ind. App. 80, 333 N.E. 2d 910. We imply no opinion as to the sufficiency of the evidence to sustain such a finding, had the issue been before the court.