KENNETH LEINENBACH *v.* DAIRYMEN, INC.

[No. 1-175A12. Filed September 23, 1975.]

*Bates, Warrum & Noffsinger; John D. Clouse,* Evansville, for appellant.

*Joseph M. Day, Joseph W. O'Reilly, Barnett, Alagia, Greenbaum, Miller & Senn,* of counsel, of Louisville, Kentucky; *Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn,* of counsel, of Evansville; *Paul F. Mason, Mason & Wetherill,* of counsel, of Rockport, for appellee.

ROBERTSON, C.J.—Leinenbach, the defendant-appellant, brings this appeal from a granting of a permanent injunction enjoining him from hauling milk for any of the members of the plaintiff-appellee corporation, Dairymen, Inc.

The issues concern Leinenbach's contention that the trial court did not give notice of its intention to consolidate the hearing of Dairymen's application for a preliminary injunction with a trial on the merits which resulted in the permanent injunction. This, asserts Leinenbach, resulted in excessive relief and a decision contrary to law. We agree and accordingly reverse and remand.

A short summary of the facts show that Dairymen and Leinenbach entered into a contract for Leinenbach to haul milk from the farms of certain members of Dairymen to market. After about four years Dairymen opted to cancel the contract with Leinenbach and notified him, pursuant to the terms of the contract, of their decision. However, Leinenbach continued his milk hauling activities even after a second notice of cancellation.

On September 4, 1974, Dairymen petitioned the trial court for a temporary restraining order alleging that Leinenbach unlawfully and continuously refused to honor the termination notices and that he continued to illegally haul the milk of the members of Dairymen. Dairymen sought a temporary restraining order, a preliminary injunction and a permanent injunction. The trial court granted the temporary restraining

order and set the application for a preliminary injunction for hearing on the 16th of September.

The hearing was held with both sides putting on evidence. The trial court then entered judgment three days later by making the injunction permanent.

The propriety of the trial court's action is governed by Ind. Rules of Trial Procedure 65(A)(2) which in part states:

> "(2)  Consolidation of hearing with trial on merits:  Before or after commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

Because of the dearth of Indiana cases covering the central theme of the issues raised in this appeal we deem it appropriate to consider federal cases decided under the identical federal rule.  The general rule is stated as:

> "Since Rule 65(a)(2) provides that consolidation may be ordered 'before or after the commencement of the hearing,' the trial court can transform a preliminary injunction hearing into a consolidated hearing at any time and may do so on its own motion.  However, this power must be tempered by the due process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the the merits." *Wright* and *Miller,* Federal Practice and Procedure, § 2950, p. 486.

Accordingly, federal cases have held that a consolidation is not proper unless the parties receive a clear and unambiguous notice at a time which will allow them the full opportunity to prepare their case. *Pughsley* v. *3750 Lake Shore Drive Coop. Bldg.,* 463 F.2d 1055 (7th Cir. 1972).  Moreover, it is reversible error when no notice is given and the effect is to deprive a party of the right to present his case on the merits. *Santiago* v. *Corporacion de Renovacion Urbana Y Vivienda de Puerto Rico,* 453 F.2d 794

(1st Cir. 1972). *Eli Lilly & Co.* v. *Generix Drug Sales, Inc.,* 460 F.2d 1096 (5th Cir. 1972).

With the foregoing guides in mind it is necessary to enumerate the operative facts, as stated in the record, regarding notice:

1. Dairymen's complaint specified, in part, the relief sought was a preliminary injunction and a permanent injunction;

2. The summons served on Leinenbach stated that a hearing for a preliminary injunction was set for the morning of the 16th of September;

3. Leinenbach's counsel entered his appearance at the beginning of the hearing on the 16th of September;

4. Dairymen rested their case and moved that the injunction be made permanent. No immediate ruling by the court on that motion is reflected by the transcript.

5. Later, but still during the direct examination of Leinenbach's first witness, the trial court stated "This is an action to convert it into a permanent injunction or to dissolve the injunction.", however, subsequent comments by the trial court could be interpreted as vacillating from that assertion.

Under the foregoing facts we are of the opinion that the "clear and unambiguous" notice contemplated by *Pughsley, supra,* is lacking in this case. In order to negate any lack of due process which we feel may be existent under the facts of this case the parties should have an opportunity to present additional evidence to the trial court, should they deem it necessary, recognizing, of course, that evidence from the prior hearing may be utilized under that part of TR. 65 (A) (2) which reads:

". . . any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."

(The one reservation held by this Court in deciding this case as we do is the state of the bill of exceptions and its function of aiding the trial court as well as this Court in reviewing the evidence heard on the preliminary injunction. The pages which do not have marked omissions or notations that conversations could not be transcribed because of garbling or speaking too far away from the microphone are the exception rather than the rule.)

(One possible reason may be inadequate recording equipment or the operation of that equipment. Also, a reading of the transcript leaves the impression of a spirited trial, where concern over accurate recording was not of major import. In any event, these matters are under the control of the judge, especially, as well as the attorneys, and their care in making a record suitable for future use should not be diminished in any circumstance.)

This cause is reversed and remanded to the trial court with directions to change the judgment to a preliminary injunction, and to give the parties an additional opportunity to present evidence prior to ruling on the granting or denial of the permanent injunction.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 333 N.E.2d 910.