SOCIALIST WORKERS PARTY et al.,
Plaintiffs-Appellees,

v.

ILLINOIS STATE BOARD OF ELEC-
TIONS et al., Defendants-Appellants.

Gerald ROSE et al., Plaintiffs-Appellees,

v.

ILLINOIS STATE BOARD OF ELEC-
TIONS, Defendants-Appellants.

Nos. 77–1475, 77–1476.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 21, 1977.

Decided Dec. 9, 1977.

Michael L. Levinson, John J. O'Toole, Ian Levin, William R. Quinlan, Corp. Counsel, Chicago, Ill., for defendants-appellants.

Jayne W. Barnard, William H. Luking, Lance Haddix, Chicago, Ill., Ronald Reosti, Detroit, Mich., for plaintiffs-appellees.

Before CUMMINGS, PELL and BAUER,
Circuit Judges.

PER CURIAM.

This is an appeal from orders of the district court which: (1) on March 14, 1977, permanently enjoined the Chicago Board of

Election Commissioners from enforcing those portions of Ill.Rev.Stat., Ch. 46 §§ 10–2 and 10–3 which require nominating petitions for new political parties and independent candidates seeking offices serving less than the entire state to contain more than 25,000 signatures; and (2) on March 17, 1977, set the number of petition signatures required of new political parties and independent candidates seeking the office of Mayor of the City of Chicago in the June 7, 1977 Special Mayoral Election at 20,000 signatures and permitted new political party and independent candidate nominating petitions for the June 7 Special Mayoral Election to be filed on or before April 18, 1977.

## I. THE MARCH 14, 1977 ORDER

■ We affirm the permanent injunction issued on March 14, 1977. We are of the opinion that the district court properly enjoined the appellants on the basis of a well-reasoned equal protection analysis. We, therefore, adopt as the opinion of this court the memorandum opinion of the district court published at 433 F.Supp. 11 (N.D.Ill. 1977).

■ In addition, however, we must consider several issues raised on appeal that were not addressed in the district court's opinion. Appellants argued that the permanent injunction should be reversed because it did not comply with Fed.R.Civ.P. 65. The gist of appellants' argument was that they were denied an opportunity to be heard because the district court did not hold an evidentiary hearing before ordering the permanent injunction.

No purpose would have been served by holding an evidentiary hearing in this case. There was no factual dispute as to the ground on which the injunction was ordered. The district court permitted appellants to file an offer of proof outlining facts they would present if a hearing were granted. We find nothing in this offer of proof which, if proved, would have altered the result; indeed, it has not been demonstrat-

ed that anything that could have arisen in a factual hearing would have altered the result. The absence of such a hearing, therefore, does not constitute a ground for reversal. *See Hagopian v. Knowlton*, 470 F.2d 201, 207 (2d Cir. 1972); *Securities and Exchange Commission v. Frank*, 388 F.2d 486, 490 (2d Cir. 1968).

■ Appellants also argued that they did not receive sufficient notice that the court would be considering both a preliminary and a permanent injunction. We question the propriety of this argument in light of the fact that the plaintiffs' motion was entitled "Motion for Preliminary and Permanent Injunction." Nevertheless, we note that appellants' claimed surprise at the district court's decision to consider permanent injunctive relief does not, alone, merit reversal. As the Fifth Circuit stated in *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106 (5th Cir. 1972), "surprise alone is not a sufficient basis for appellate reversal; appellant must also show that the procedures followed resulted in prejudice, . . . ." We perceive no such prejudice in this case. The decision to enjoin rested on pure equal protection analysis, and undisputed facts, namely the relevant statutes. A more formal notice would not have provided appellants with a greater opportunity to alter this result. *See Standard Oil Company of Texas v. Lopeno Gas Company*, 240 F.2d 504, 509–10 (5th Cir. 1957).

For these reasons, we affirm the order of March 14, 1977.

## II. THE MARCH 17, 1977 ORDER

■ On March 17, 1977, the district court issued an order reflecting an agreement by the Chicago Board and the plaintiffs to lower the five percent statutory signature requirement to 20,000 signatures and to extend the filing deadline from April 4 to April 18. Appellant (State Board) requested reversal of this order on the ground that the Chicago Board had no authority to enter such an agreement.[1] We will not ad-

1. In the district court, the Chicago Board of Election Commissioners and the State Board of

Elections were defendants in the two actions which are consolidated in this appeal. The

dress the merits of this argument because we hold that the issue is moot.[2]

The order stated categorically that it applied only to the June 7, 1977 Special Mayoral Election which has long passed. Furthermore, this is not an issue which is "capable of repetition, yet evading review." *DeFunis v. Odegaard*, 416 U.S. 312, 318–19, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974); *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Southern Pacific Terminal Company v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). We have no reason to believe that a future agreement by an election board to reduce signature requirements and extend filing deadlines in a special election situation, albeit an unlikely occurrence, would evade review. For this reason we dismiss the appeal of the March 17, 1977 order. Costs will be assessed against the appellants.

Affirmed in part; dismissed in part.

---

Chicago Board, however, did not appeal, but filed a responsive brief in opposition to the State Board's contention that the Chicago Board did not have the authority to enter an agreement altering the signature and filing requirements of the statute.

2. We in no way suggest that appellants have failed to raise a substantial legal question on this issue. However, in light of our conclusion that it is moot, we will have to postpone consideration of the merits for another day.