**Paul L. HOLMAN, Appellant–Defendant Below,**

v.

**KOORSEN PROTECTION SERVICES, INC., Appellee–Plaintiff Below.**

**No. 29A02–9010–CV–643.[1]**

Court of Appeals of Indiana, Third District.

Nov. 13, 1991.

Rehearing Denied Jan. 7, 1992.

Donald D. Levenhagen, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for appellant.

S. Douglas Trolson, Richard S. Pitts, Lowe, Gray, Steele & Hoffman, Indianapolis, for appellee.

STATON, Judge.

Paul L. Holman appeals the grant of a permanent injunction enforcing a covenant not to compete. He raises five issues, which we consolidate into two:

    I.   Whether the trial court's consolidation of the trial with the preliminary injunction hearing without prior notice to the parties erroneously deprived Holman of a full trial on the merits.

   II.   Whether the evidence supported the imposition of a permanent injunction.

We reverse.

*Lepsch v. Marlowe* (1963), 135 Ind.App. 35, 189 N.E.2d 116.

1.  This case was diverted to this office by order of the Chief Judge.

Koorsen Protection Services, Inc. is an Indiana corporation engaged in the business of selling and installing fire detection, suppression, and extinguishing equipment and alarm systems in Indiana and Kentucky. In March of 1980, Holman was hired by Koorsen as a draftsman. For his first two years of employment, he had no customer contact and received no training, using only the drafting skills which he learned in school. In March of 1982, Holman's role with Koorsen changed. His new job involved engineering and price estimation. He was to receive technical training with respect to the equipment which Koorsen sells and the estimation technique by which prices are set. Before his training commenced, Holman was asked to sign an employment contract and a covenant not to compete. The covenant not to compete stated that for a period of two years after termination of employment with Koorsen, Holman would not engage in substantially similar employment within a radius of 50 miles of Indianapolis.

Holman showed promise in his new employment area, and soon began to engage in a significant amount of customer contact with key decision-making individuals. Because of his technical expertise, he was often more successful with the customer representative than the salesman assigned to the customer. Holman often participated in decisions with upper level management regarding mark-up of the systems. Thus, he was intimately knowledgeable of the disparity of mark-ups from one customer to the other, and could embarrass Koorsen with this information.

In February of 1990, Holman decided to go to work for Automatic Sprinkler in Indianapolis, a competitor of Koorsen. He was reminded by Koorsen of the covenant not to compete, but he indicated that due to the nature of his job at Automatic, he did not think there would be a problem. Koorsen filed this lawsuit to enforce the covenant soon after Holman went to work for Automatic.

The trial court held a hearing on Koorsen's motion for a preliminary injunction, and evidence was presented by both parties. The trial court took the motion under advisement, and 40 days after the hearing, issued a final judgment. In the judgment entry, the trial judge indicated that she was consolidating the trial on the merits with the preliminary injunction hearing pursuant to Trial Rule 65(A)(2). She then entered judgment for Koorsen on its complaint, ordering that Holman comply with the two-year covenant not to compete.

I.

*Notice of Consolidation*

On appeal, Holman contends that the trial court erroneously deprived him of a full trial on the merits by ordering consolidation of the hearing on the preliminary injunction with the trial. Trial Rule 65(A)(2) provides:

(2) *Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial.

Holman relies upon *Leinenbach v. Dairymen, Inc.* (1975), 166 Ind.App. 80, 333 N.E.2d 910. In *Leinenbach,* the plaintiff sought an injunction to prevent the defendant from hauling milk for members of plaintiff's association after his milk-hauling contract was terminated. The trial court held a hearing on a motion for preliminary injunction, with both sides putting on evidence. Three days later, the trial court entered final judgment in favor of the plaintiff by making the injunction permanent.

On appeal, this court examined federal authorities interpreting Federal Rule of Civil Procedure 65(A)(2), which is identical to the Indiana rule. Noting the due process concern that litigants be offered fair

notice and an opportunity to be heard before disposition of a case on the merits, the court stated:

> Accordingly, federal cases have held that a consolidation is not proper unless the parties receive a clear and unambiguous notice at a time which will allow them the full opportunity to prepare their case. *Pughsley v. 3750 Lake Shore Drive Coop. Bldg.*, 463 F.2d 1055 (7th Cir.1972). Moreover, it is reversible error when no notice is given and the effect is to deprive a party of the right to present his case on the merits. *Santiago v. Corporacion de Renovacion Urbana Y Vivienda de Puerto Rico*, 453 F.2d 794 (1st Cir.1972). *Eli Lilly & Co., v. Generix Drug Sales, Inc.*, 460 F.2d 1096 (5th Cir. 1972).

*Leinenbach, supra*, 333 N.E.2d at 912. Finding inadequate notice had been given, the court remanded the cause to the trial court with directions to impose a preliminary injunction and to give the parties an additional opportunity to present evidence prior to ruling on the request for a permanent injunction.

Holman argues that like the defendant in *Leinenbach*, he received inadequate notice of the trial court's intention to consolidate the hearing with the trial, and consequently was deprived of a full opportunity to prepare and present his case. Koorsen responds that Holman has failed to show that he was prejudiced by the trial court's noncompliance with the notice requirement, citing *Bowen Engineering Corp. v. W.P.M. Inc.* (1990), Ind.App., 557 N.E.2d 1358.

In *Bowen*, the plaintiff contractor sought an injunction against the Board of Commissioners of Tippecanoe County preventing it from accepting the bid of a rival contractor when the plaintiff had submitted a lower bid. After initiation of the lawsuit, a number of motions were filed by the parties, including a motion for preliminary injunction. The trial court held a hearing on the motions, and evidence was presented by the parties. The trial court entered judgment for the plaintiff, consolidating the hearing with the trial on the merits. The defendants appealed, alleging that they had been deprived of notice and an opportunity to present their case.

Our Second District affirmed, stating that consolidation without notice is not reversible error where there had not been a showing of prejudice by the appellant. *Id.* at 1363. The court noted:

> Bowen has made no argument that it was unable to fully present its case to the trial court before the trial court's judgment. Bowen cites no evidence it failed to introduce and asserts no new argument it would have made had it been on notice of the consolidation. The sole allegation of prejudice Bowen makes is that it was unable to seek a change of venue pursuant to Indiana Rules of Procedure, Trial Rule 76, because the trial court entered judgment the day after the hearing. *Appellant Bowen's Brief* at 41.

*Bowen, supra*, at 1363. Finding that Bowen, as an intervenor defendant, did not have a right to a change of venue, the court held that it had made an insufficient showing of prejudice to entitle it to prevail on appeal.

Koorsen argues that Holman has made no showing of prejudice on the record in the trial court. While we agree with that statement, we would point out the difficulty with which a litigant is faced when the trial court, without notice to either party, dispenses with a trial on the merits and enters a final judgment. Here, Koorsen moved for a preliminary injunction. There was no indication in the motion or at the hearing that the hearing was to be the final trial on the merits; in fact, it appears the parties were not aware that the hearing was consolidated into the trial until they received a copy of the judgment, forty days after the hearing. At that point, judgment had been entered—there was no further opportunity to place evidence into the record.[2] Thus, it is not surprising that the record contains no evidence of prejudice.

---

**2.** Holman could have filed a motion to correct error pursuant to Trial Rule 59. In that event, he would have had the opportunity to present further evidence in the form of affidavits. T.R. 59(H). However, a motion to correct error was not required in this instance and Holman was

On appeal, Holman filed an "Affidavit of Counsel" in which he stated:

> 2. If defendant-appellant had received a clear notice that the September 4, 1990, hearing in the trial court on plaintiff's motion for preliminary injunction was being consolidated with the trial on the merits, defendant-appellant at minimum would have taken the following action prior to the hearing/trial:
>
> (1) take depositions of defendant Holman's immediate supervisors at plaintiff Koorsen who would be most familiar with the facts concerning his employment with plaintiff;
>
> (2) take depositions of selected customers of plaintiff Koorsen to inquire as to whether customer relationships with defendant Holman were such that his working for a competitor would create a substantial risk that Koorsen would lose business;
>
> (3) call as defense witnesses other former employees of plaintiff Koorsen who now work for "Automatic" Sprinkler in Indianapolis to rebut plaintiff's contention that defendant Holman's knowledge of Koorsen's operations is a secret in the local industry. These witnesses would include Dennis Jackson, who was formerly defendant Holman's immediate supervisor at Koorsen; and
>
> (4) retain an independent expert witness familiar with the fire protection industry in Indianapolis to comment on whether defendant Holman's skills are unique and other facts pertaining to the business of fire protection in Indianapolis as they relate to the covenant's reasonableness.

These statements were echoed in Holman's brief.

Koorsen argues that Holman may not make allegations of prejudice for the first time on appeal. However, Appellate Rule 15(J) permits us to review affidavits when a factual issue is presented for resolution. To accept Koorsen's argument would permit it to contend that Holman had failed to show prejudice, yet deny Holman his opportunity to make that showing.

entitled to bring a direct appeal to this court.

Holman has articulated a number of plausible actions which he would have taken if he was given notice that the hearing would be treated as a trial. The question here involved the scope and validity of a covenant not to compete—a highly fact-sensitive issue. Holman was entitled to reasonable notice that a final determination was to be made in order that he could fully present his case. We conclude that Holman has made a sufficient showing of prejudice as required by *Bowen, supra.* The trial court erred in consolidating the preliminary injunction hearing with the trial on the permanent injunction without giving notice to the parties.

## II.

### *Sufficiency of the Evidence*

As we have concluded above that the trial court erred in imposing a permanent injunction, we find it unnecessary to address the sufficiency of evidence to support the imposition of the permanent injunction.

## III.

### *Preliminary Injunctive Relief*

Because of her decision to treat the hearing as a trial on the merits, the trial judge never ruled upon Koorsen's motion for a preliminary injunction. We therefore remand for a ruling on the motion for preliminary injunctive relief based upon the evidence presented at the original hearing. Further, the trial court shall give Holman a reasonable opportunity to conduct discovery and to present any further evidence at a trial on the merits, and judgment shall be entered on the complaint after this additional evidence, if any, is heard. The evidence received in the original hearing may of course be considered, as it is part of the record on the trial and need not be repeated at the trial. T.R. 65(A)(2).

Reversed.

BARTEAU and SULLIVAN, JJ., concur.