**KOESTER CONTRACTING, INC., Appellant–Plaintiff,**

v.

**BOARD OF COMMISSIONERS OF WARRICK COUNTY, Indiana and Metzger Construction, Inc., Appellees–Defendants.**

No. 87A01–9304–CV–124.

Court of Appeals of Indiana, First District.

Aug. 26, 1993.

---

R. Thomas Bodkin, Bamberger, Foreman, Oswald & Hahn, Evansville, for appellant-plaintiff.

S. Anthony Long, Phillips and Long, Boonville, for appellee-defendant Bd. of Com'rs of Warrick County.

John D. Clouse, John P. Brinson, Evansville, for appellee-defendant Metzger Const., Inc.

Peter G. Tamulonis, Kightlinger & Gray, Indianapolis, for amicus curiae Indiana Constructors, Inc.

BAKER, Judge.

May a county board award a public works contract to a bidder other than the lowest responsive and responsible bidder? We hold the applicable statute does not allow such award. Petitioner-appellant Koester Contracting, Inc. appeals the denial of its request for injunctive relief to prevent the respondent-appellee Board of Commissioners of Warrick County (Board) from awarding a public works contract to Metzger Construction, Inc., also respondents-appellees. We reverse and remand.

## FACTS

In July 1992, the Board sought bids for a contract to pave two county roads. Koester and Metzger each submitted sealed bids of $110,896.23 and $114,559.88, respectively. The Board received two other higher, responsive and responsible bids. After opening the bids, the Board voted unanimously to award the contract to Metzger because Metzger employed Warrick County residents and paid Warrick County taxes. Koester, who in fact was the lowest responsive and responsible bidder, filed for injunctive relief to preclude the award of the contract to Metzger.

 The trial court tried the matter on stipulated facts and denied the injunction. The trial court determined that both Metzger and Koester submitted responsible and responsive bids.[1] It further found the

---

1. A bidder is responsive if its bid conforms in all material respects to the Board's specifications. *Irwin R. Evens & Sons, Inc. v. Airport* *Authority* (1992), Ind.App., 584 N.E.2d 576, 585. A bidder is responsible if he is capable of performing the contract fully, has integrity and

Board justified the award to a bidder other than the lowest bidder by its statement that Metzger employed Warrick County residents and paid Warrick County taxes. The trial court did not find the Board's justifications were arbitrary or capricious and thus, upheld the Board's award.

## DISCUSSION AND DECISION

A Board must award a public contract to the lowest responsible and responsive bidder or else reject all bids submitted. IND. CODE 36–1–12–4(b)(8). Here, it is undisputed that both Koester and Metzger were responsible and responsive bidders and that Koester's bid was the lowest. The dissension lies in the interpretation of IND.CODE 36–1–12–4(b)(9), which states:

If the board awards the contract to a bidder other than the lowest bidder, the board must state in the minutes or memoranda, at the time the award is made, the factors used to justify the award, and the board shall keep a copy of the minutes or memoranda available for public inspection.

Koester contends subsection (9) applies only if the lowest bidder failed to submit a responsive and responsible bid. Indiana Constructors, Inc. appear as amicus curiae and support Koester's viewpoint. Conversely, Metzger and the Board maintain the Board did not have to award the contract to the lowest responsible and responsive bidder if it stated its justifications for its decision.

■ When interpreting a statute, we strive to implement the legislature's purpose. *Indiana Department of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157. All statutes, including I.C. 36–1–12–4(b)(9), must be construed in context with other relevant provisions in order to determine their meaning and effect. *See Irwin R. Evens & Son, Inc. v. Airport Authority* (1992), Ind.App., 584 N.E.2d 576, 585. If a statute is susceptible to more than one interpretation, as it is here, we may consider the consequences of a particular construction. *See Superior*

*Construction, Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284.

■ After carefully construing the relevant statutory provisions, we reject the Board's interpretation of subsection (9). Put simply, it wholly eviscerates subsection (8). Recall that subsection (8) requires: (A) the award of the contract to the lowest bidder that is responsive and responsible, or (B) rejection of all of the bids. The requirement of selecting the "lowest responsible and responsive bidder" in subsection (8)(A) has no effect if subsection (9) allows an award to any responsible and responsive bidder, as the Board urges. Also, subsection (8)(B) mandates rejection of all bids if the lowest responsible and responsive bidder is not chosen. Subsection (8)(B) effectively prevents the Board from choosing a responsible, responsive bidder who is not the lowest bidder. We construe a statute to prevent absurdity and avoid an illogical result the legislature, as a reasonable body, could not have intended. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823. The Board's interpretation of subsection (9) is unreasonable because it would nullify subsection (8).

■ On the other hand, Koester's reading of subsection (9) is a reasonable one. Koester asserts that subsection (9) is triggered only when the Board does not select the lowest bidder on the ground that it is not responsible and responsive. The Board is not forced then to forfeit all bids when the lowest bidder is not responsible and responsive. Instead, the Board must only explain why the lowest bidder is either not responsive or not responsible and then select the next lowest bidder that is both responsible and responsive. Because Koester was the lowest responsible and responsive bidder, the Board's award to Metzger violated the statute. Because we must reverse the Board's award if it is clearly arbitrary, illegal, corrupt, or fraudulent, we remand to the trial court to grant Koester's

reliability that ensures good faith performance, and is qualified under IND.CODE 4–13.6–4, if

applicable. *Bowen Engineering Corp. v. W.P.M., Inc.* (1990), Ind.App., 557 N.E.2d 1358, 1366.

request to enjoin the Board's award to Metzger. *See Evens, supra,* at 584–85.[2]

We lastly note two cases which have considered I.C. 36–1–12–4, *Bowen Engineering Corp. v. W.P.M., Inc.* (1990), Ind. App., 557 N.E.2d 1358, 1366, and *Evens, supra,* at 584–85. These cases, however, did not consider the issue we address today. Even so, we summarize these cases because the results in these decisions are consistent with our holding.

In *Bowen,* this court held that the board may not award a contract because one bidder is more responsible than another. *Bowen, supra,* at 1366. In other words, *Bowen* essentially holds that if two bidders are responsible, the lowest bidder must be awarded the contract. In *Bowen,* both bidders were determined responsive and responsible, so the court upheld the injunction enjoining the board from awarding the contract to a bidder other than the lowest bidder. *Id.*

The question focused upon in *Evens* was whether two bidders were responsive and responsible. The *Evens* court stated: "Clearly, subsection (9) gives the board authority to award the contract to other than the *lowest* bidder—as here—if it justifies its decision in a memorandum available for the public to review so long as the winning bid is responsive and the bidder is responsible." *Id.* It ultimately upheld the board's award to the second lowest bidder, because the lowest bidder was unresponsive. The *Bowens* and *Evens* courts' application of subsection (9), in accord with the way we interpret it today, was not contested by the parties. In both cases, the courts assumed subsection (9) applied if the lowest bidder was not responsible and responsive, as we construe it here.

In conclusion, the Board's award to Metzger was illegal because Metzger was not the lowest responsible and responsive bidder. The trial court erred by denying Koester injunctive relief. We reverse and

remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

SHIELDS and HOFFMAN, JJ., concur.

---

2. Metzger's argument that the Board should be allowed the discretion to show favoritism to a Warrick County company which employs Warrick County residents is more appropriately addressed to the General Assembly. It is the General Assembly which has precluded the parochialism Metzger seeks. IND.CODE 36–1–12–4(b).