M & M BUS CO., INC.,
Appellant–Plaintiff,

v.

MUNCIE COMMUNITY SCHOOL
CORPORATION, Appellee–
Defendant,

and

Vancom Indiana, Inc., Appellee–
Defendant.

No. 18A02–9305–CV–247.

Court of Appeals of Indiana,
Second District.

Jan. 27, 1994.

Bradley J. Dougherty, Buth & Pope, P.C., Indianapolis, Donald K. McClellan, McClellan McClellan Brooke & Arnold, Muncie, for appellant.

William V. Hughes, Marianne L. Vorhees, Beasley Gilkison Retherford Buckles & Clark, Muncie, for appellee Muncie Community School Corp.

FRIEDLANDER, Judge.

M & M Bus Company (M & M) appeals from a decision of the Delaware County Circuit Court, which reviewed a decision of the Trustees of the Muncie Community School Corporation (the School) awarding the school corporation's school bus contract to Vancom Indiana, Inc. (Vancom). The trial court overturned the School's decision upon the ground that the bidding procedure was irregular, and enjoined the school corporation from awarding the school bus contract based upon bids received during bidding procedures which occurred in April, May, and June of 1992. Upon appeal, M & M argues that the relief fashioned by the trial court was erroneous.

We affirm.

The relevant facts are not in dispute and are set out in the trial court's Findings of Fact. We reproduce those findings below, along with the relevant Conclusions of Law.

"That the Muncie Community School Corporation hereinafter called "School", is a school corporation taking in most of the City of Muncie, created by the laws of the State of Indiana and as part of its duties, hires, maintains and contracts for school bus service for the transportation of its students to the various schools and on various school activities.

That the M & M Bus Co., hereinafter referred to as 'M & M' has for the past 16 or 18 years contracted with the School to provide school bus service and transportation of the children to and from school and upon school activities.

That the defendant designated as Vancom–Indiana, Inc., is a misnomer and the parties have stipulated that the true and correct name is Indiana Bus Service, Inc., d/b/a Delaware County Bus Service. However, throughout the testimony, the defendant was referred to as Vancom and for purpose [sic] of this decision shall be referred to as 'Vancom'.

That M & M has a current bus contract with the School and that their contract extended to July 31, 1992. That the School in contemplation of the expiration of this contract solicited bids on or about April 23, 1992 and June 2, 1992. Contained in the bidding documents was a portion entitled Muncie Community School Affirmative Action Supplemental Bidder Documents (Affirmative Action Form).

On May 6, 1992, at a pre-bid meeting, there was some question concerning the affirmative action provision which indicates

that either M & M or Brammer[1] asked about this item and did not receive any definitive answer from the school.

On May 11, 1992, the bids [hereinafter referred to as "the May 11 bid"] were received and tabulated by the School and a bid tally sheet was prepared which indicated that an affirmative action form had been provided by Brammer and M & M and the word 'yes' was typed beside both of them.

On May 12, 1992, the school board for the first time adopted an affirmative action form that does not seem to have adopted any definitive standards by which to gauge the compliance of an affirmative action plan.

On May 26, 1992, the school board rejected all bids and declared an emergency for the immediate re-bidding and made a change in the specification as to the age of buses.

On June 2, 1992, the School again issued new bid packets containing the specifications and a one page document indicating [a] specification change which provided only for the age of the buses. Bids were again sent in by both M & M and Brammer [hereinafter referred to as "the June 2 bid"] containing again nothing more than the signed affirmative action form which was included in the bid package.

On June 16, 1992, the tally sheet was again prepared which changed the term affirmative action form to affirmative action plan and the bids of Brammer and M & M were rejected on the grounds that they did not contain an affirmative action plan. Dr. Burkhart, the assistant superintendent for business of Muncie Schools, testified that on May 11 when the bids were submitted and opened, there was no affirmative action requirement in effect as it had not been passed by the board until May 12. Mr. Reiter testified that no information about the action of the board on May 12 was given to any bidder. The evidence clearly discloses that the School administration changed the rules and changed the standards by which they determined affirmative action compliance be-

tween the first and second bids. It is undisputed that the School, whether intentionally or negligently, failed to notify at least Mr. Brammer and M & M of the change of standards or the change of bidding requirements. It is clear that M & M and Brammer relied upon the indications on the bid sheet that they had complied with the affirmative action form in submitting their second bid which resulted in this disqualification.

## CONCLUSIONS OF LAW

\* \* \* \* \* \*

The failure of the School to give the notice of the action of the board and the change of its standards and requirements has defeated the purpose of the bidding statute and empowers this Court to enjoin and restrain the action of the School, which in this Court's opinion amounts to an abuse of discretion and is not in accordance with the law.

It should be the decision of this Court that a permanent injunction issue against the defendant Muncie Community School Corporation enjoining and restraining said School corporation from granting, allowing or entering into any contract with any person whomsoever based upon the bidding procedure which occurred concerning the school bus transportation during the month of April through June of 1992." *Record* at 175–77.

 Upon review of an administrative body's decision we will not substitute our opinions and conclusions for those of the administrative body. *Metropolitan School District of Martinsville v. Mason* (1983), Ind. App., 451 N.E.2d 349. Rather, we give deference to the administrative body's expertise. Our duty, like that of the trial court, is to review the proceedings in question and determine whether the body's decision is supported by substantial evidence, and is not arbitrary or capricious, and that all relevant rules of law and procedure have been followed. *Id.*

---

1. Jack Brammer also submitted a bid, although he sought to contract for only some of the routes.

Neither party contends that the trial court erred in ruling that the contract should not have been awarded to Vancom based upon the May 11 and June 2 bidding procedures. Rather, M & M contends that the trial court should also have ordered the School to accept M & M's June 2 bid. M & M cites *Bowen Engineering Corporation v. W.P.M., Inc.* (1990), Ind.App., 557 N.E.2d 1358 in support of its contention.

In *Bowen,* the Board of Commissioners of Tippecanoe County solicited bids for a reconstruction project and received bids from five companies, including Bowen and W.P.M. W.P.M. submitted the lowest bid and Bowen submitted the second lowest. The Board rejected W.P.M.'s bid because it had been addressed to the Indiana Employment Development Commission rather than the Board. W.P.M. sought review, whereupon the trial court allowed W.P.M. to correct the error. The court then ordered the Board to award the bid to W.P.M. Upon a writ of mandamus, our Supreme Court ordered the trial court to delete that portion of its award that directed the Board to award the contract to W.P.M. Following remand, the Board decided to solicit a second round of bids, and W.P.M. again filed suit. The trial court ordered the Board to consider only the original bids, upon the ground that the Board did not have authority to reject all of the bids after having accepted one. The Board did not appeal the latter decision. The Board reconsidered the first bids and again awarded the contract to Bowen, this time rejecting W.P.M.'s bid because it was not responsive and responsible. W.P.M. appealed.

This court affirmed the trial court's subsequent determination that the Board was compelled to accept W.P.M.'s bid because it was the lowest responsible bid. The *Bowen* court arrived at its conclusion after examining the meaning of the term "responsible" as used in Indiana Code 36–1–12–4(b)(8)(A). In summary, the court held that I.C. 36–1–12–4(b)(8)(A) does not authorize a board to evaluate bidders in order to determine the *most* responsible bidder. So long as the lowest bidder is responsible, the court held, it must be awarded the contract, notwithstanding that in the Board's view there is a bidder that is more responsible.

M & M contends that *Bowen* authorizes this court to order the School to accept M & M's bid. However, *Bowen* differs from the instant case in one important aspect. In *Bowen,* the Board did not appeal the trial court's order prohibiting the Board from accepting new bids. Thus, in *Bowen* the court considered a situation in which all bids had already been submitted pursuant to a valid bidding procedure. Accordingly, *Bowen* is instructive when confronted with a question regarding how a board chooses from among several bids following completion of a valid bidding process. That situation is not present in the instant case.

In the instant case, the trial court determined that the bidding procedures were improper because bidders were not given all information necessary to submit responsive bids. Accordingly, the court enjoined the School from awarding a contract based upon the bids received pursuant to the two tainted rounds of bidding. The trial court's order necessarily requires that the School solicit new bids after correctly informing the bidders of the School's requirements.

M & M, however, contends that it should be awarded the contract as a matter of law because it submitted the lowest bid, and no contention was made that M & M was not a responsible party. Thus, the argument goes, M & M satisfies both conditions set out in the statute and should be awarded the contract as a matter of law.

■ Our courts have repeatedly held that upon review of an administrative body, the sole relief which the reviewing court may grant is to remand to the administrative body for further proceedings. *See, e.g., Indiana State Board of Registration of Architects v. Meier* (1986), Ind.App., 489 N.E.2d 966; *Mason, supra,* 451 N.E.2d 349; *Aeronautics Commission of Indiana v. Radio Indianapolis, Inc.* (1977) 172 Ind.App. 687, 361 N.E.2d 1221. A court may not substitute its judgment for that of an administrative body upon matters that are subjective in nature. M & M asserts that *Bowen, supra,* and *School City of Gary v. Continental Electric Company* (1971) 149 Ind.App. 416, 273

N.E.2d 293, provide authority for the opposite proposition, i.e., that a court may take a somewhat more active role. However, a close reading of *Bowen* and *School City of Gary* reveals that those cases are not inconsistent with the rule stated in *Meier*, *Mason*, and *Aeronautics Commission of Indiana*.

In both *Bowen* and *School City of Gary*, the courts determined that the respective administrative bodies erred in choosing the incorrect party from among several applicants. Moreover, the criteria by which the applicants were evaluated in those cases was objective in nature. Therefore, the reviewing court in each instance simply applied the objective criteria to the applicants before it and determined as a matter of law the party to whom the contract should be awarded.

In the instant case, however, after declaring that the procedure by which the School solicited bids did not conform to statutory requirements, and properly so, the trial court had no bids from which to select the proper applicant. Moreover, there remains the task of determining which of the applicants are "responsible" as that term is used in I.C. 20–9.1–2–9, a determination which is subjective in nature and therefore properly made only by the School.[2]

In any event, the School may only award a transportation contract after it has solicited bids in accordance with the statutes discussed above. Even assuming *arguendo* that this court may properly apply criteria and select from among bids received pursuant to a proper bid-soliciting procedure when the criteria is objective in nature, in view of the fact that the School failed to conduct such a procedure, there are no valid bids before us from which to choose.

We agree with the statement of the trial judge as to the purpose of the remedy in the instant case:

"M & M, Brammer and Vancom are entitled to nothing more than a fair and equal opportunity to bid on the best transportation with the Muncie Community School Corporation[, where] the specifications are clear, definite and certain and where the actions of the School board or the contents of the bidding documents do not mislead or influence any of the bidders." *Record* at 179.

We conclude that the trial court fashioned a proper remedy which accomplishes the purpose underlying the statutorily prescribed bidding procedures.

The judgment of the trial court is affirmed.

SHIELDS and ROBERTSON, JJ., concur.

---

**2.** We necessarily reject M & M's argument that the School's silence on the question of whether M & M is responsible is tantamount to a finding that M & M is responsible. For an excellent discussion of the term "responsible" as it is used in this context, we encourage the School to read *Bowen, supra,* 557 N.E.2d at 1365–67.